In the Matter of ELIZABETH LYNCH, Respondent, *v.* EWALD B. NYQUIST, as Commissioner of Education of the State of New York, et al., Appellants.

Third Department, May 3, 1973.

*Robert D. Stone* (*Lawrence W. Reich* and *John P. Jehu* of counsel), for Ewald B. Nyquist

*Williams & Sprague (Peter R. Sprague* of counsel), for Board of Education of Richburg Central School, appellant.

*Fudeman & Renaldo (Emanuel Tabachnick* of counsel), for respondent.

COOKE, J. This is an appeal from a judgment of the Supreme Court at Special Term, entered August 29, 1972 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, for annulment of a determination of the Commissioner and for restoration of petitioner to her position as a tenured teacher retroactively to July 1, 1971, with full economic benefits.

Petitioner was employed by Central School District No. 1 of the Towns of Wirt, Bolivar, Clarksville, Cuba, and Friendship, Allegany County, in September, 1966, and sometime prior to May 28, 1970 she received a teacher's permanent appointment notice stating that she had been appointed on tenure starting on September 1, 1970 for Latin, English and Social Studies. At the time of her tenure appointment, petitioner was teaching five classes a day in English and Social Studies, although she was not certified to teach these subjects. At the end of the 1970–71 school year, Latin was eliminated from the school curriculum, and on June 4, 1971, petitioner was notified that her services would no longer be required as her Latin teaching position had been abolished and the other subjects she taught would be taught by others on the staff. The teaching of English was assigned to a teacher provisionally certified in that subject but without tenure and junior in seniority to petitioner.

Petitioner appealed the board's decision to the Commissioner of Education, alleging that her tenure rights were violated by her replacement by a teacher with less seniority. The Commissioner affirmed the board's decision and dismissed the appeal. Petitioner then commenced the instant article 78 proceeding seeking to annul the Commissioner's decision.

Section 310 of the Education Law states that the Commissioner's decision " shall be final and conclusive, and not subject to question or review in any place or court whatever." This has been interpreted so as to limit judicial review to determine whether or not the Commissioner's decision was purely arbitrary *(Matter of Board of Educ. of City of N. Y. v. Allen,* 6 N Y 2d 127; *Matter of Board of Educ. of Cent. School Dist. No. 2 v. Allen,* 14 A D 2d 429, affd. 12 N Y 2d 980), and it is where the Commissioner makes an erroneous determination on a question of law that his decision is purely arbitrary and thus reviewable

(*Matter of Ross* v. *Wilson*, 308 N. Y. 605, 617; *Matter of Board of Educ., City of N. Y.* v. *Nyquist*, 37 A D 2d 642).

Respondents contend that petitioner was removed because her position was abolished and that the protections of subdivision **2** of section 2510 of the Education Law do not extend to a teacher who is tenured but not certified in a certain subject. We disagree.

Subdivision 2 of section 2510 of the Education Law establishes the appropriate procedure to be followed where a teaching position is abolished: '' Whenever a board of education abolishes a position under this chapter, the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued.''

The language of the statute would therefore mandate the dismissal, in the instant case, of someone who is junior in seniority to petitioner, but respondents contend that since petitioner is not certified to teach English, while her replacement is so certified, petitioner's services must be discontinued in order to avoid a violation of other provisions of the Education Law which proscribe the employment of unqualified teachers (see Education Law, §§ 3009, 3010).

Certification requirements, however, may not be employed to erode the protections afforded ténured teachers, since the tenure statutes provide the exclusive method for dismissal for those teachers (*Matter of Kobylski* v. *Agone*, 37 Misc 2d 255, affd. 19 A D 2d 761). The board cannot circumvent this rule by following the procedure employed herein. The only two courses of action open to it were to discontinue the services of the teacher having the least seniority within the tenure of the position abolished, pursuant to subdivision 2 of section 2510 of the Education Law, or to discontinue petitioner's services for legal incompetence due to lack of certification by following the procedure mandated by the tenure statutes, including the granting of a hearing, pursuant to sections 3012 and 3020-a of the Education Law (see *Matter of Mannix* v. *Board of Educ. of City of N. Y.*, 21 N Y 2d 455; *Matter of Glass* v. *Board of Educ. of City of N. Y.*, 21 A D 2d 891, affd. 16 N Y 2d 982; *Matter of Feingold* v. *Lynch*, 31 A D 2d 969). Since neither procedure was followed, petitioner was illegally dismissed, and the decision of the Commissioner was correctly annulled.

The judgment should be affirmed, with costs.

KANE, J. (dissenting). Subdivision 2 of section 2510 of the Education Law refers to the abolishment of a position by a board of education. A board has the unqualified right to abolish a position and I interpret the above statutory provision to mandate

the dismissal of the teacher with the least seniority in the *position* abolished, in this case Latin. Any reference to certification in the areas of English or Social Studies would be irrelevant. Since petitioner was the only Latin teacher, the board had the power to, and properly did, dismiss her when it eliminated Latin from the curriculum.

Accordingly, I would reverse and reinstate the determination of the Commissioner of Education.

HERLIHY, P. J., GREENBLOTT and MAIN, JJ., concur with COOKE, J.; KANE, J., dissents and votes to reverse in a separate opinion.

Judgment affirmed, with costs.