■ In the Matter of GRACE AMOS, Appellant, v. UNION FREE SCHOOL DISTRICT No. 9 et al., Respondents.— Judgment unanimously reversed, on the law, with costs, and petition granted in accordance with the following memorandum: Petitioner brought an article 78 proceeding seeking reinstatement as a tenured teacher and back pay. The proceeding was commenced within four months of respondents' refusal to reinstate petitioner and thus is not time barred (CPLR 217). Petitioner was certified in French and also taught courses in Mathematics, English and Introduction to Business. The trial court upheld respondents' dismissal of petitioner as the French teacher with least tenure. This was error for, when petitioner was accorded tenure, it was "area tenure" as a secondary school academic teacher (*Matter of Baer* v. *Nyquist*, 34 N Y 2d 291; *Matter of Silver* v. *Board of Educ. of West Canada Val. Cent. School*

*Dist.*, 46 A D 2d 427). Since respondents hired new Mathematics and English teachers for the 1971–1972 term with less seniority than petitioner, she is entitled to reinstatement as of September, 1971. If petitioner is unqualified for a position because of lack of certification in a particular subject, she must be removed pursuant to sections 3012 and 3020-a of the Education Law (*Matter of Lynch* v. *Nyquist*, 41 A D 2d 363, affd. 34 N Y 2d 588). Respondents' refusal to reinstate petitioner ahead of less senior teachers when secondary school academic vacancies occurred was a violation of her rights under subdivision 3 of section 2510 of the Education Law. Since her dismissal was improper, petitioner should be reinstated as of September, 1971, together with back pay and associated rights and benefits, less such compensation as she has earned during the period in question, exclusive of summer work. (Appeal from judgment of Erie Special Term in article 78 proceeding to compel reinstatement.) Present — Marsh, P. J. Moule, Cardamone, Simons and Del Vecchio, JJ.