■ In the Matter of MARJORIE D. STEELE, Petitioner, v BOARD OF EDUCATION OF THE VALHALLA UNION FREE SCHOOL DISTRICT, Respondent.— Proceeding pursuant to CPLR article 78 to review respondent's determination, made December 11, 1974, which, after a hearing, (1) found petitioner guilty of the charge that she was legally incompetent to perform her assigned duties due to lack of appropriate certification and (2) dismissed her from her position as a teacher, effective December 12, 1974. Determination annulled, on the law, with costs, and respondent is directed to reinstate petitioner to her position as a teacher, with back pay, including all pay lost during her period of suspension, less the amount of compensation earned in any other employment or occupation, and any unemployment benefits she may have received during such period. Petitioner, a high school French teacher with State certification to teach French, was granted tenure by respondent on September 1, 1972 as a secondary teacher assigned to teach foreign languages. In May, 1974, respondent passed a resolution abolishing one foreign language position in the high school, effective June 30, 1974. On July 11, 1974 respondent passed a resolution which discontinued the teacher with the least seniority in the secondary tenure area and reassigned petitioner to fill the position of the discontinued teacher. Petitioner was advised by letter dated July 12, 1974 that the services of an English teacher had been discontinued and that she had been reassigned to replace him. She was asked to provide proof of her State certification in English. When petitioner was unable to produce such proof, she was notified that a determination of probable cause had been made pursuant to section 3020-a of the Education Law. Petitioner was charged with being legally incompetent because she lacked proper certification to teach English. She was ordered suspended as of September 9, 1974, the first 30 days of the suspension to be without pay. On September 10 respondent reappointed the previously dismissed English teacher to the position. On October 10 a hearing was held pursuant to section 3020-a of the Education Law. At the hearing petitioner introduced evidence tending to show that it would have been possible to retain her as a French teacher by rearranging schedules; respondent introduced evidence concerning the administrative difficulties which would arise were it forced to retain petitioner. The dismissal of petitioner was violative of her rights under subdivision 2 of section 2510 of the Education Law, which provides: "Whenever a board of education abolishes a position under this chapter, the services of the teacher having the

least seniority in the system within the tenure of the position abolished shall be discontinued." Respondent could not circumvent the mandate of that section by assigning petitioner to a position in an area of certification in which she was not likely to be certified. Administrative inconvenience does not justify an act which ignores the rights of tenured teachers as clearly spelled out by the Education Law. Although schedule shuffling may have been required in order to protect petitioner's tenure rights, petitioner demonstrated the feasibility of adjusting the schedule so that she could retain her position. The case of *Matter of Lynch v Nyquist* (41 AD2d 363, affd 34 NY2d 588) is not to the contrary. In that case a Latin teacher was dismissed after the only Latin position was removed from the curriculum. It would have been impossible, therefore, for the Latin teacher to retain a teaching position in her area of certification. The problems raised by section 2510 of the Education Law in terms of class scheduling and related administrative problems are for the Legislature, and not for this court, to consider and resolve. Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.