■ In the Matter of PAUL CHAMBERS, Petitioner, v BOARD OF EDUCATION, LISBON CENTRAL SCHOOL DISTRICT, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in St. Lawrence County), to review a determination of the respondent board of education which found petitioner guilty of certain charges and dismissed him as a teacher effective December 15, 1976. Petitioner, a tenured teacher in the secondary tenure area, was certified to teach both Latin and French. He was originally employed by respondent in 1963. Several years ago, because of low enrollment, Latin was discontinued as a subject. On April 13, 1976 respondent reduced full-time French to a half-time teaching position. Petitioner refused the half-time teaching position and the board hired a new teacher for the half-time French position. Petitioner was then assigned to a mathematics position for which he was not certified. Charges were then brought against him pursuant to section 3020-a of the Education Law for failure to maintain certification. A hearing

panel found him not guilty, but the board rejected the finding and found him guilty of the charges and dismissed him effective December 15, 1976. The instant proceeding was commenced. Due to lack of enrollment and for economic reasons, respondent was compelled to reduce French to a half-time position. This the board had the right to do *(Matter of Young v Board of Educ.,* 35 NY2d 31). When petitioner refused this half-time position, there were no other positions being taught by respondent for which petitioner was certified. Since he was on tenure, the board had to discontinue the services of the teacher having the least seniority within the tenure area of the position being abolished or discontinue petitioner's services for legal incompetence due to lack of certification *(Matter of Lynch v Nyquist,* 41 AD2d 363, affd 34 NY2d 588). We reject petitioner's contention that section 3013 (subd 2, par [c]) of the Education Law is inapplicable here. The mere assignment, however, of petitioner to a teaching position for which he was knowingly not certified is not sufficient without additional facts to justify a removal pursuant to section 3013 (subd 2, par [b]) of the Education Law. A resolution of the controversy narrows to a determination of the duty respondent owed petitioner in order to protect his tenure rights and whether that duty was fulfilled. The record reveals that the board offered petitioner the half-time position and attempted to find, without success, another school willing to share the services of a French teacher. The board, in our view had the additional obligation to explore the feasibility of adjusting its teaching schedule in order to protect petitioner's tenure rights (cf. *Matter of Amos v Board of Educ.,* 54 AD2d 297; *Matter of Steele v Board of Educ.,* 53 AD2d 674, affd 42 NY2d 840). This effort to adjust must be a reasonable and honest one compatible with a good, effective program of education for the students while also taking cognizance of the financial condition of the school district. From the instant record, however, it is not clear whether sufficient schedule adjustments could have been made to provide a full-time position for petitioner. This was undoubtedly due to the board's belief that it had complied with the Education Law when it assigned petitioner to a mathematics position previously held by the teacher with the least seniority in petitioner's tenure area. The instant case, therefore, is clearly distinguishable from *Matter of Steele v Board of Educ. (supra),* wherein the petitioner introduced evidence tending to show that it would have been possible and feasible to retain petitioner by rearranging schedules. The matter, therefore, must be remitted for further proof on the feasibility of adjusting the schedules and for findings on that issue by the board. Decision withheld and matter remitted for further proceedings not inconsistent herewith. Greenblott, Sweeney and Main, JJ., concur; Koreman, P. J., and Larkin, J., dissent and vote to affirm in the following memorandum by Larkin, J. Larkin, J. (dissenting) We respectfully dissent. As the majority indicates, the petitioner was offered the only teaching position, albeit a part-time one, for which he was certified. This was the last French position remaining in the district. In contrast to *Matter of Steele v Board of Educ.* (53 AD2d 674, affd 42 NY2d 840) and *Matter of Amos v Board of Educ.* (54 AD2d 297), the respondent herein, after petitioner's full-time position was abolished, had no remaining French teachers with whom the respondent could rearrange schedules to accommodate the petitioner. When the petitioner refused to take the only position which he was certified to teach, respondent had the right and, in fact, the obligation "to discontinue petitioner's services for legal incompetence due to lack of certification by following the procedure mandated by the tenure statutes, including the granting of a hearing, pursuant to sections 3012 and 3020-a of the Education

Law" *(Matter of Lynch v Nyquist,* 41 AD2d 363, 365, affd 34 NY2d 588). The respondent having complied with the hearing requirements set forth in *Matter of Lynch v Nyquist (supra),* and there being no other French teachers whose schedules could be rearranged to save petitioner's full-time job (cf. *Matter of Steele v Board of Educ., supra; Matter of Amos v Board of Educ., supra),* to remit this case would serve no purpose. The determination should be confirmed.