Cooke, J. (dissenting).
The determination of the Commissioner of Education in this matter is arbitrary and capricious and should be annulled. Under the circumstances presented, there is simply no logical basis for the distinction made by the commissioner between subdivisions 2 and 3 of section 2510 of the Education Law. More significantly, the majority’s acceptance of this distinction ignores the underlying rationale of prior decisions of this court and changes course in its approach to what steps may be taken with respect to tenured teachers by financially troubled school boards. Disagreement and dissent are therefore registered.
Contrary to the commissioner’s position, the only rational interpretation of subdivisions 2 and 3 is that, with respect to a tenured teacher such as petitioner, the same degree of protection is afforded regardless of whether such teacher is seeking on the one hand to avoid dismissal or on the other hand to obtain reinstatement. Except as to subjects not involved herein, the requirement under subdivision 3 of section 2510 *54 that a vacancy be filled by one formerly holding a "similar” position must be considered satisfied when a teacher tenured in the grade level area of secondary education seeks reinstatement to a vacancy occurring in a secondary education position. This is because tenure is not granted on the basis of subjects taught, except in certain specialized subjects such as art and music, but is merely descriptive of grade level, e.g., secondary education (see Matter of Baer v Nyquist, 34 NY2d 291). Hence, since petitioner is tenured in secondary education, there is no rational ground for concluding that her position was not similar to those positions for which a vacancy had occurred.
Apart from the principle expressed in Matter of Baer v Nyquist (supra), the commissioner concedes that in determining the right to reinstatement a liberal interpretation has been given to the term "similar” in order to safeguard the tenure rights of incumbents in abolished positions (Matter of Ward, 13 Ed Dept Rep 273, 275; see, also, Matter of Englert, 12 Ed Dept Rep 234, 235). The commissioner, however, explains that this interpretation does not permit a board of education to employ an individual in a position for which he is not certified. But this explanation ignores the facts of this case and allows a board of education to make use of certification requirements in a manner condemned by this court in prior decisions.
This is not a situation where a tenured teacher lacked any certification (see Matter of Meliti v Nyquist, 41 NY2d 183). In this matter, the record indicates that petitioner is certified to teach social studies as well as French. Despite its awareness of petitioner’s certification in another subject, the board of education made no suggestion that it would attempt to adjust the schedule to find a position for which she was certified rather than hiring teachers with less seniority. Instead, the board treated petitioner as if she were tenured in the narrow area of French rather than in the broader area of secondary education. The board in this sense was violating the principle that certification requirements may not be employed to erode the protections afforded tenured teachers (see Matter of Lynch v Nyquist, 41 AD2d 363, 365, affd 34 NY2d 588). Indeed, what occurred here is suggestive of the vertical tenure manipulations warned against in Matter of Baer v Nyquist (34 NY2d 291, 297-298, supra).
Even if one were to ignore the underlying rationale of the *55 Baer and Lynch cases, there is a more fundamental reason for concluding that the commissioner erred in this matter. As a practical matter, it begs the question to resolve the right to reinstatement on the basis of whether a vacancy occurs in a "similar” position if similarity is determined on the basis of certification. The lack of a similar position may result from the fact that a board of education has the opportunity, through scheduling of subjects and teachers, to make sure that a vacancy does not occur in the area of certification of a tenured teacher whose position was recently abolished. In times of financial difficulties a board of education might quite naturally desire to fill vacancies with lower salaried teachers and thus there is an incentive to schedule in such a way that no vacancies occur which can be filled by higher salaried tenured teachers seeking reinstatement.
With respect to tenured teachers who might otherwise be dismissed, a board of education may be required where possible to adjust the schedule so that such teachers may retain their positions (see Matter of Steele v Board of Educ., 53 AD2d 674, affd 42 NY2d 840). There is no justification for not requiring, in the same manner, that schedules be rearranged to accommodate a teacher seeking reinstatement under subdivision 3 of section 2510. Moreover, the fact that a teacher such as petitioner did not assert any rights she may have had under subdivision 2 of section 2510 should not hurt her cause, since "[t]he tenure statutes are intended to protect the teacher and not become a trap to those not guileful enough to avoid it” (Matter of Baer v Nyquist, 34 NY2d 291, 299, supra). Hence, in the instant matter, the board of education should be required to attempt to adjust the teaching schedule to allow petitioner to teach in an area in which she is certified and only if this is impossible should it be allowed to hire those with less seniority (see Matter of Amos v Board of Educ., 54 AD2d 297, affd 43 NY2d 706.).
The majority concedes that "arguments may be made” for giving parallel interpretations to subdivisions 2 and 3 of section 2510 of the Education Law (see p 52) and recognizes that the commissioner’s interpretation "may work some unevenness in individual cases” (p 53). This manifests the arbitrariness of the commissioner’s interpretation and the need for judicial intervention. Accordingly, the order of the Appellate Division should be reversed, the determination of respondent commissioner annulled, and the matter remitted for a *56 determination of whether it is possible to adjust the teaching schedule to allow petitioner to teach in an area in which she is certified.
Chief Judge Breitel and Judges Jasen, Gabrielli and Wachtler concur with Judge Jones; Judge Cooke dissents and votes to reverse in a separate opinion in which Judge Fuchsberg concurs.
Order affirmed.