In the Matter of PAUL CHAMBERS, Petitioner, v BOARD OF EDUCATION OF LISBON CENTRAL SCHOOL DISTRICT, Respondent.

Third Department, April 20, 1978

### APPEARANCES OF COUNSEL

*Bernard F. Ashe (J. Michael Eadry* of counsel), for petitioner.

*Preston C. Carlisle* for respondent.

**OPINION OF THE COURT**

Sweeney, J.

This proceeding was previously before this court and the underlying facts and circumstances giving rise to the litigation are amply set forth in our memorandum decision in *Matter of Chambers v Board of Educ.* (58 AD2d 961) and need not be repeated here. We remitted for further proof on the feasibility of adjusting schedules and for findings on that issue by the board. Thereafter, on October 28, 1977, the original panel was reassembled and took additional evidence in compliance with our decision. Respondent rendered its "supplemental determination" on December 27, 1977 and concluded that after a reasonable and honest effort to adjust its teaching schedule it was unable to find petitioner full-time employment.

On reargument, with the benefit of the supplemental record, petitioner raises a new issue which we must first consider before reaching the merits. Subsequent to respondent's original decision, the Legislature enacted chapter 82 of the Laws of 1977 which was signed by the Governor on April 15, 1977 and took effect immediately. This law substantially modified the authority of boards of education under section 3020-a of the Education Law. Petitioner, relying on *Matter of Clayton v Clement* (33 NY2d 386), contends that respondent lacked authority to hold the hearing since former section 3020-a had been repealed in April of 1977. We disagree. In *Clayton,* the amendment to the law in question pertained to disciplinary hearings and the scheduled hearing therein was to take place subsequent to the effective date of the law. In other words, by the effective date the hearing had not been commenced. The court held that since the amended law was in effect when the hearing arose, it should have been utilized. Such is not the situation here. Following the original hearing and initial determination, this court, after reviewing that determination, concluded that the matter had to be remitted for additional proof on a specific issue. In effect, this was a continuation of the original proceeding. Under such circumstances *Clayton* is inapposite. Changes in the form of remedies are inapplicable, unless in exceptional conditions, where the effect is to reach backward, and nullify by relation the things already done *(Matter of Berkovitz v Arbib & Houlberg,* 230 NY 261, 270). We find no exceptional conditions herein. A

holding to the contrary would frustrate and render useless all that which had previously been accomplished. This was not, in our view, the intention of this legislation.

We now pass to the merits. In this proceeding we are concerned with the 1976-1977 school year. During that time petitioner was certified in French, which was being taught for only three periods a day. Petitioner was not certified in any other subject then being taught in the school system. It appears that if petitioner was assigned to teach another subject for one period plus an assignment to two study halls in addition to three periods of French, he would have been considered a full-time teacher.

■ It is petitioner's contention that the regulations of the Commissioner of Education authorize the assignment of a teacher to teach a subject outside of his area of certification for a period not to exceed five classroom hours a week (8 NYCRR 80.2 [c]), and, therefore, respondent was obligated to assign petitioner to teach another subject for one period a day even though he lacked certification in that subject. In support of his contention petitioner relies on *Matter of Steele v Board of Educ.* (53 AD2d 674, affd 42 NY2d 840) and *Matter of Amos v Board of Educ.* (54 AD2d 297, affd 43 NY2d 706). While in *Steele* the petitioner had shown the possibility of being retained in her area of certification, and, therefore, the board was ordered to reinstate her, the court distinguished *Matter of Lynch v Nyquist* (41 AD2d 363, affd 34 NY2d 588) on the ground that in *Lynch* it would have been impossible to retain the teacher in a teaching position in her area of certification. In *Amos* it was held that the board should bear the burden of proving that it is impossible to adjust schedules to permit a tenured teacher to teach within certification. Thus, the cases relied on by petitioner are concerned with the adjusting of schedules so as to permit a teacher to teach *within certification.* In the present case, however, the board has, in our view, sustained its burden of demonstrating the impossibility of adjusting the schedule to permit petitioner to teach full-time within his certification. Regarding the assignment of petitioner to teach for one period a subject in which he was not certified, respondent properly considered the educational and financial impact and found that such an assignment would have a detrimental effect on the school district. Considering the record in its entirety, it is the opinion of this court that respondent has sufficiently demonstrated that it is not feasible

to adapt its schedule to provide full-time employment for petitioner. The determination, therefore, should be confirmed.

The determination should be confirmed, and the petition dismissed, with costs.

GREENBLOTT, J. P., MAIN, LARKIN and MIKOLL, JJ., concur.

Determination confirmed, and petition dismissed, with costs.