■ In the Matter of HENRY DEICHMAN et al., Appellants, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF BUFFALO et al., Respondents.—Judgment unanimously reversed, with costs, and petition granted in accordance with the following memorandum: Petitioners are tenured school social workers formerly employed by respondent school district. In July, 1977 their services were terminated, subject to the preferred eligibility provisions contained in subdivision 4 of section 2585 of the Education Law. In September, 1977 respondent Rivera was hired as a temporary school social worker. She was not tenured and had no seniority in the position. She was hired because she spoke Spanish fluently (petitioners do not) and because she had successfully qualified for the position as redefined by a comprehensive reclassification plan adopted by the board of education in 1974. It is the respondents' position that by this reclassification the board created a special tenure area and one in which petitioners had no rights to preferred eligibility pursuant to subdivision 4 of section 2585 of the Education Law. Local school boards may not create special tenure areas unless that power has been granted to them by the Commissioner of Education or the Legislature *(Matter of Baer v Nyquist,* 34 NY2d 291). Although the commissioner has established general rules for the establishment of tenure areas, those rules do not apply to the Buffalo School District (see 8 NYCRR 30.2), and respondents do not contend that they do. It is their position, and Special Term held, that the Legislature granted to respondent board the authority to establish special tenure areas by subdivision 10-a of section 2573 of the Education Law. That statute, however, only authorizes the local board, rather than the commissioner, to determine the requirements for licensing teachers in certain subjects. The power to license is not the same as, nor does it carry with it, the authority to establish special tenure areas (see *Steele v Board of Educ.,* 40 NY2d 456, 465; *Matter of Lynch v Nyquist,* 34 NY2d 588; affg 41 AD2d 363). Petitioners are entitled to preferred eligibility and appointment as school social workers insofar as vacancies exist and in order of seniority. If they are unqualified to fill the position, they may be removed pursuant to the provisions of section 3020-a of the Education Law (see *Matter of Lynch v Nyquist, supra; Matter of Amos v Union Free School Dist. No. 9,* 47 AD2d 711; *Matter of Silver v Board of Educ.,* 46 AD2d 427). (Appeal from judgment of Erie Supreme

Court—art 78.) Present—Simons, J. P., Hancock, Jr., Callahan, Witmer and Moule, JJ.