Frederick W. Proch, Appellant *v.* New Castle Area School District, Appellee.

Argued May 4, 1981, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Daniel R. Delaney, Delaney and Evans,* for appellant.

*Dominick Motto, Chambers, Nicolls, Paul & Motto,* for appellee.

Opinion by Judge Craig, June 18, 1981:

Frederick W. Proch (appellant), a tenured professional employee of the New Castle Area School District (district), appeals from an order of the Court of Common Pleas of Lawrence County affirming an action of the Board of School Directors (board) which suspended the appellant due to a decline in student enrollment within the district.

The appellant, who is certified to teach biology, earth and space science, was employed by the district for six years as a teacher on its science staff. However, on May 16, 1979 the district's administration recommended that the science department's teaching staff be reduced; the board acquiesced by suspending the appellant.

In compliance with the Local Agency Law,[1] the appellant demanded and received a hearing before the board. During that hearing, the appellant proposed two realignment plans by which the science teaching staff could be reduced without suspending the appellant; under those plans, a Miss Picrell, who is certified to teach French and English in addition to science, would be transferred from the science department to replace either a fifth year English teacher or a fifth year French teacher. However, the board found both proposals to be impractical.

When reducing teaching staffs, the school district is required, whenever possible to retain its most senior teacher, by reasonable realignment if necessary. *Welsko v. Foster Township School District*, 383 Pa. 380, 119 A.2d 43 (1956). However, any realignment must be made in a way which allows the remaining teachers to provide adequate instruction in the subjects of those teachers who, because of lesser seniority rights, have been suspended. *Smith*

---

[1] 2 Pa. C. S. §551 *et seq.*, Section 751 *et seq.*

*v. Board of School Directors of Harmony Area School District,* 16 Pa. Commonwealth Ct. 175, 328 A.2d 883 (1974). Moreover, a district is not required to realign teachers where the realignment would be impractical. *Platko v. Laurel Highlands School District,* 49 Pa. Commonwealth Ct. 210, 410 A.2d 960 (1980).

We cannot hold that the record before us is devoid of substantial evidence to support the board's finding that the appellant's realignment proposals are impractical.[2] The record reveals that Miss Picrell has been the chairperson of the biology department at the district's high school for approximately 27 years. The testimony of the district superintendent indicates that Miss Picrell's long tenure in the position has been effective. Furthermore, both realignments would require Miss Picrell to teach a subject unrelated to biology and one in which she has little or no recent experience.

Consequently, we hold that the record contains substantial evidence to support the board's conclusion. To hold otherwise would violate the principles enunciated by this court in *Smith v. Board of School Directors of Harmony Area School District, supra,* and *Platko v. Laurel Highlands School District, supra.*

The appellant also contends that the district has ignored the attrition of teachers subsequent to his suspension by not recalling him to work. However, when to recall suspended teachers is a judgment within the domain of the district and we cannot substitute our judgment therefor. *Tressler v. Upper Dublin*

---

[2] Where, as here, a complete record is made before the local agency and no evidence is taken by the court below, our scope of review is limited to whether any finding of fact necessary to sustain the adjudication is not supported by substantial evidence. *Stets v. McKeesport Area School District,* 22 Pa. Commonwealth Ct. 403, 350 A.2d 185 (1975).

*School District,* 30 Pa. Commonwealth Ct. 171, 373 A.2d 756 (1977). Accordingly, we affirm the decision of the court below.

ORDER

Now, June 18, 1981, the June 10, 1980 order of the Lawrence County Court of Common Pleas is hereby affirmed.