OPINION OF THE COURT
Con. G. Cholakis, J.
Petitioner was hired by respondent Board of Education, Cleveland Hills Union Free School District, to teach social studies at the district’s high school. After a period of time petitioner was granted tenure in the area of secondary education. This general area encompasses the subjects of social studies, mathematics, science, English and foreign languages. Petitioner was certified only in the subject of social studies.
Because of declining enrollment, the respondent board decided to reduce the number of classes teaching secondary *389 education courses including five classes in social studies. The board further decided, as a result of the number of reduced classes, to abolish several teaching positions including one in social studies.
Petitioner’s employment was therefore terminated, but a prior order of this court ordered him reinstated subject to the board’s right to bring charges against him pursuant to section 3012 of the Education Law.
Charges of incompetency were filed against petitioner and the hearing panel convened to consider them (Education Law, § 3020-a) found that they had not been proven and recommended that petitioner be reinstated to his former position. The board appealed to the Commissioner of Education (Education Law, § 3020-a, subd 5) who annulled the panel’s findings. The matter is now before the court to review the determination of the commissioner.
The law is clear that the commissioner is not bound by the findings of the panel and may substitute his judgment for the panel’s (Matter of McNamara v Commissioner of Educ., N. Y. State Educ. Dept., 80 AD2d 660) and his determination can only be set aside if one of the errors set forth in CPLR 7803 (subd 3) has been committed.
The issue to be determined, within the framework of this proceeding, is whether the commissioner acted in violation of lawful procedure or whether his determination was affected by an error of law (see Siegel, New York Practice, p 785).
The controlling statute in terminating the services of a tenured teacher is subdivision 2 of section 2510 of the Education Law which reads as follows: “Whenever a board of education abolishes a position under this chapter, the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued” (emphasis supplied).
It is conceded, by all parties, that the petitioner was not the teacher having the least seniority in the secondary education area. Therefore, someone other than petitioner would be terminated if the board were only decreasing its secondary education personnel. However, the board’s decision was not merely to reduce its personnel but was to *390 reduce its number of social studies classes. In this regard it is conceded that petitioner is the teacher having the least seniority in the secondary education area who is only certified to teach social studies. (There are, however, teachers certified to teach social studies who are less senior to petitioner but they are also certified to teach other subjects and they are apparently doing so.) It therefore follows that if it is a teacher certified only to teach social studies that must be terminated, petitioner is the one that must lose his job.
Since he is only certified to teach social studies he cannot be assigned as a full-time teacher in another subject because a charge of incompetency pursuant to section 3012 (subd 2, par [b]) of the Education Law would then have to be sustained (Matter of Amos v Board ofEduc., 54 AD2d 297, 301, affd 43 NY2d 706).
The solution, however, is not that simple.
It is necessary that the seniority rights of tenured teachers be protected. If it is possible to rearrange or shuffle schedules of the various courses taught by secondary education teachers so that the least senior teacher be terminated (i.e., least senior teacher within the tenure area of secondary education and not just within the certified courses being taught), the board must do so. Administrative convenience must fall when it collides with tenure rights (Matter of Steele v Board of Educ., 53 AD2d 674, affd 42 NY2d 840). In the same vein, tenure rights must fall when rescheduling is impossible.
In short, petitioner can be terminated only if teaching schedules cannot be rearranged or reshuffled so that.a teacher less senior to petitioner, who is certified in another course, can be terminated.
A preliminary question to be determined is upon whom does the burden fall to prove that schedules cannot be rearranged or reshuffled so that the least senior teacher is terminated — the board or the teacher seeking to vindicate his seniority rights?
The hearing panel concluded that the burden was upon the board and since it failed to sustain its burden, recommended that petitioner be reinstated.
*391 The commissioner, on the other hand, concluded that the burden was not upon the board and sustained petitioner’s termination.
This court cannot agree with the commissioner.
Under ordinary circumstances, a determination of a board of education can only be set aside if it acted in an arbitrary, capricious and unlawful manner and the burden of proving that it did so is upon the individual seeking to set aside its determination.
In this case, however, petitioner is protected by subdivision 2 of section 2510 of the Education Law, and before his rights can be denied, the board must prove that their denial is necessary (Matter of Amos v Board of Educ., 54 AD2d 297, 303, supra). Therefore, contrary to the commissioner’s opinion, this court holds that the board had the burden of showing that schedules could not be rearranged or reshuffled so that the least senior teacher would be terminated.
Since the court is of the opinion that the commissioner relied upon an erroneous principle of law his decision must be considered to have been improperly made.
The final line in the commissioner’s decision, however, states “the record is clear that no amount of reshuffling would find respondent [petitioner herein] in a position in which he is certified to teach”. In this regard the commissioner and the panel are in disagreement and, of course, the commissioner may substitute his judgment for that of the panel.
In spite of applying an erroneous principle of law, the commissioner’s determination in this case may be upheld if there is a rational basis for this conclusion of fact.
In this court’s judgment the issue of reshuffling of schedules has not been fully developed and cannot be passed upon at this time.
The matter is remanded to the Commissioner of Education for further proceedings consistent with this decision including a possible remand to the hearing panel.