OPINION OF THE COURT
Joseph J. Sedita, J.
This matter challenges a determination of the defendant board of education. It raises an issue under our Education Law that should be clarified.
Petitioner has been serving as a tenured science teacher in this school system since 1969. He is certified to teach in this area as well as in the area of mathematics. When one of the science positions was eliminated by the school board, he was “bumped” out of his science slot by a tenured science teacher with more seniority. The secondary tenured teacher in the system with the least seniority was released as required by the Education Law. (§ 2510, subd 2.) The teacher who was released was covering a “business” slot in the system. This slot was “offered” to the petitioner, but since he was not certified to teach business subjects, he was effectively not eligible for appointment to this position. Several math “slots” are, however, now being covered by teachers with less seniority than petitioner. Petitioner asserts that his seniority rights require the school district to put him in an available position to which he is qualified *368 and if necessary must “bump” or move a teacher who has less seniority. Respondents feel they have satisfied their legal responsibilities by releasing the teacher with the least seniority and offering that position to the petitioner.
The issue then before this court is whether or not the school board should be required to engage in any “reshuffling” in order to maintain a teacher who has greater seniority, but who is not qualified to teach in the position opened by the release of the teacher with the least seniority.
Teachers in this, case compete for positions or slots within the “general secondary tenure” classifications rather than according to subject departments. The clear and obvious intent of the law establishes a system for protecting competent tenured teachers on the basis of seniority. The interpretation argued by the respondent appears to technically satisfy the statute without fulfilling its clear overriding intent. The interpretation followed by the respondent results in teachers with less seniority than petitioner being retained in slots which petitioner is qualified to fill resulting in petitioner losing his job while teachers with less seniority are retained.
If there was no slot available, petitioner would have no substantial case. There would be no position which he could be offered in which he was both qualified and senior. (See Matter of Lynch v Nyquist, 41 AD2d 363, affd 34 NY2d 588.) This, however, is not the case here. Petitioner is certified as a science and math teacher, and there are clearly math slots available which are now occupied by teachers with less seniority than petitioner.
Our courts have clearly indicated that in a contest between protection of seniority rights and the administrative difficulties of reshuffling schedules, the protection of seniority rights must prevail. (Matter of Steele v Board of Educ., 53 AD2d 674, affd 42 NY2d 840; Matter of Amos v Union Free School Dist. No. 9, 47 AD2d 711; Matter of Amos v Board of Educ., 54 AD2d 297, affd 43 NY2d 706; Matter of Chambers v Board of Educ., 58 AD2d 961, 62 AD2d 109, affd 47 NY2d 279; Matter of Rappold v Board of Educ., 112 Misc 2d 388.)
There has been no challenge to petitioner’s competency within the areas to which he has achieved certification, *369 and there is no question that there are teaching slots available which are occupied by less senior teachers. Under these undisputed facts, the protection the law affords, seniority rights can only be effectuated by requiring, where possible and necessary, the reshuffling of schedules and teachers to maintain those tenured teachers that have the most seniority.
Accordingly, the relief sought by the petitioner should be granted including recovery of any lost pay or benefits. This decision shall be without prejudice to any application by respondent to remove the petitioner from the system upon a showing of incompetence or the impossibility of finding a position for which he is both qualified and senior.