**Arlene M. STRAND, Edward P. Lue and Barbara Johnson, Relators,**

v.

**SPECIAL SCHOOL DISTRICT NO. 1, Respondent.**

**No. C4–84–1466.**

Court of Appeals of Minnesota.

Dec. 31, 1984.

Review Granted April 11, 1985.

Roger A. Peterson, Joseph B. Nierenberg, Peterson, Engberg & Peterson, Minneapolis, for relators.

Frederick E. Finch, Fredrikson & Byron, P.A., Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., and WOZNIAK and HUSPENI, JJ.

## OPINION

POPOVICH, Chief Judge.

Appellants appeal the Minneapolis School Board's decision to terminate their employment. Appellant Strand contends the Board should have reassigned a more senior teacher in order to preserve her seniority rights. Appellant Johnson claims her termination was improper because another more senior teacher in her department continued to be employed past the age of mandatory retirement. We reverse and remand.

## FACTS

The facts of this matter are not disputed. Appellants' employment with the Minneapolis School District was terminated on July 17, 1984. The terminations were pursuant to the discharge provisions of Minn.Stat. § 125.17 (Supp.1983), the applicable provision of the Teachers Tenure Act for cities of the first class. Neither appellant challenges the necessity of terminating a position in the district because of discontinuance of position and lack of pupils.

*Arlene Strand.*

Arlene Strand is a tenured teacher employed by the District since August 29, 1972. She is licensed to teach home economics and child development, and she taught home economics until her termination. Minneapolis teachers are assigned seniority numbers; Strand's seniority number is 8105. Lower numbers represent greater seniority.

The most senior teacher in the home economics department is Jessie Busse. Busse, whose seniority number is 2971, is employed as a full-time home economics teacher. In addition to home economics, Busse is licensed to teach work experience and child development. Janell Olson is the third teacher involved in Strand's appeal. Olson has the least seniority of these three teachers with a seniority number of 8760. She is licensed to teach work experience and child development. Thus, the relative seniority for each position is as follows:

| Home Economics | Work Experience | Child Development |
|---|---|---|
| Busse | Busse | Busse |
| Strand | Olson | Strand |
| Olson | | Olson |

The Board assigned these teachers as follows:

| | |
|---|---|
| Busse | 1.0 home economics |
| Olson | .6 work experience |
| | .4 child development |
| Strand | terminated. |

Strand contends Busse should have been moved to fill the assignment given to Olson. If this were done, Strand would take the 1.0 home economics assignment and Olson, the least senior teacher, would be terminated.

*Barbara Johnson.*

Appellant Barbara Johnson was also terminated by the Board on July 17, 1984. She is a tenured adult basic and continuing education (ABE) teacher employed by the district since February 16, 1981. No one with less seniority in her area of licensure or department has been retained.

Hermoine Livermore is a tenured ABE teacher. She has more seniority than Johnson and has been employed in the District since January 6, 1981. Livermore was also laid off on July 17, 1984, but was subsequently offered and accepted a part-time position in the ABE department.

Marie Diehl is also a tenured ABE teacher. She has been employed by the district since November 12, 1979 and has more seniority than both Livermore and Johnson. Diehl was 72 years of age at the time of Johnson's layoff. The Minneapolis School District has a policy of mandatory retirement at age 70.

## ISSUES

1. Does the court of appeals have jurisdiction to hear an appeal from a school board teacher termination proceeding?

2. Does Minn.Stat. § 125.17, subd. 11 (Supp.1983) require reassignment of a more senior teacher to accommodate the seniority position of a less senior teacher who is proposed for termination?

3. Did the Board err by terminating a less senior teacher while retaining a more senior teacher who had passed the mandatory retirement age?

## ANALYSIS

1. The Board challenges this court's jurisdiction to hear appeals from school board actions. By order dated October 9, 1984, we denied the Board's motion to dismiss for lack of jurisdiction citing *In re The Placement on Unrequested Leave of Absence of Pinkney*, 353 N.W.2d 676, 677 (Minn.Ct.App.1984).

■ Subsequently, the board filed a petition for a writ of prohibition in the Minnesota Supreme Court requesting a stay of this appeal and a decision on the issue. That motion is pending but does not stay this appeal. *See* Minn.R.Civ.App.P. 120 comment—1983. We also grant discretionary review pursuant to Minn.R.Civ.App.P. 105. In *Schmidt v. Independent School District No. 1*, No. C3–83–1691 (Minn. Oct. 31, 1983), the Supreme Court issued its order quashing writ of certiorari from district court and granting discretionary review by the court of appeals in a similar teacher termination case. While we are of the opinion it was intended the court of appeals consider appellate matters of this type, removing appellate review from the trial courts, we do not now address this issue because it is before the Supreme Court. By deciding the other issues on the merits, the entire case becomes subject to possible Supreme Court review.

### 2. *Arlene Strand*

Strand contends the Board should have shifted Busse to the work experience position to preserve Strand's seniority over Olson. Thus, Busse would have an assignment of .6 work experience coordinator and .4 child development. Strand would teach 1.0 home economics, and Olson would be terminated.

■ The seniority rights of tenured teachers in cities of the first class is governed by Minn.Stat. § 125.17, subd. 11(a) (Supp.1983), which states:

Any teacher whose services are terminated on account of discontinuance of position or lack of pupils shall receive first consideration for other positions in the district for which that teacher is qualified. In the event it becomes necessary to discontinue one or more positions, in making such discontinuance, teachers shall be discontinued in any department in the inverse order in which they were employed.

*Id.* The legislative purpose behind the first class city Teacher Tenure Act was to promote "stability, certainty, and permanency of employment on the part of those who had shown by educational attainment and by probationary trial their fitness for the teaching profession." *Berland v. Special School District No. 1*, 314 N.W.2d 809, 811–12 (Minn.1981) (quoting *McSherry v. City of St. Paul*, 202 Minn. 102, 108, 277 N.W. 541, 544 (1938)).

■ We note that, at a minimum, Strand should have received the .4 child development assignment because this was a separate position for which she was licensed and had greater seniority than Olson.

"[P]osition" within the context of Minn. Stat. § 125.17 is that subject area and grade level for which the teacher is quali-

fied as evidenced by licensure from the State of Minnesota.

*Berland*, 314 N.W.2d at 812. We believe the Board's definition of "position" as any particular grouping of different areas of licensure is too restrictive under *Berland.* This definition of position would permit the arbitrary combination of different areas of licensure into one "position" and circumvent teachers' tenure rights. *See Hayes v. Board of Education*, 103 Ill.App.3d 498, 502, 59 Ill.Dec. 189, 192, 431 N.E.2d 690, 693 (1982). At a minimum, Strand should have been assigned to the .4 child development position.

Appellant's main contention, however, is that a school board should be required to realign teaching positions to protect seniority where possible. In *Steele v. Board of Education*, 53 A.D.2d 674, 384 N.Y.S.2d 860 (1976), the court stated:

> Administrative inconvenience does not justify an act which ignores the rights of tenured teachers as clearly spelled out by the Education Law. Although schedule shuffling may have been required in order to protect petitioner's tenure rights, petitioner demonstrated the feasibility of adjusting the schedule so that she could retain her position.

*Id.* at 675, 384 N.Y.S.2d at 861–62.

■ In this matter, Strand has demonstrated the possibility of shifting Busse to the work experience position. We agree that this realignment will not adversely affect students, but will protect her seniority rights.

Respondent claims the bumping of senior teachers to preserve Strand's seniority rights would be contrary to the purposes of the Teacher Tenure Act because the management and administration of educational programs would be significantly altered. Respondent also claims senior bumping would cause uncertainty by causing senior teachers who have multiple licenses to be constantly reassigned.

Although adoption of appellant's position may limit a school board's discretion, this court is bound to enforce teachers' statutory tenure rights. The school board's re-

course is the state legislature. As noted by Justice Musmanno in *Welsko v. School Board*, 383 Pa. 390, 119 A.2d 43 (1956):

> Seniority is not a matter to be treated lightly. The very stability of our schools depends on retaining those teachers who because of long years of experience and devotion have earned the obedience of the pupils, the admiration of the parents, and the respect of the community. Considering the comparatively low salaries paid the teaching profession, the very least that should be guaranteed them is fireproof tenure for their invaluable services in preparing the future citizens of this great Republic.

*Id.* at 392, 119 A.2d at 44.

In a situation virtually identical to this matter, the *Welsko* court held senior teachers must be reassigned to protect the seniority rights of other teachers. Addressing the concern about control of school policy, the *Welsko* court noted:

> [I]t was not the intent of the Legislature to impose the Tenure Act so as to interfere with the control of school policy and courses of study selected by the administrative bodies. But if we were not to affirm the action taken by the Court below in the case at bar, it would mean that the seniority rights of teachers could be circumvented by the expedient of reassigning teachers so that there would be no teachers with less continuous years of service teaching subjects which the suspended teacher was qualified to teach, and obvious inequities would result, as happened in this instance.

*Id.* at 394, 119 A.2d at 45; *see also McSherry v. City of St. Paul*, 202 Minn. 102, 108, 277 N.W. 541, 544 (1938).

In *Proch v. New Castle Area School District*, 60 Pa.Cmwlth. 111, 430 A.2d 1034 (1981), the court stated:

> When reducing teaching staffs, the school district is required, whenever possible, to retain its most senior teachers, by reasonable realignment if necessary.

*Id.* 430 A.2d at 1035. The *Proch* court, however, qualified this rule stating:

> [A]ny realignment must be made in a way which allows the remaining teachers to provide adequate instruction in the subjects of those teachers who, because of lesser seniority rights, have been suspended. Moreover, a district is not required to realign teachers where the realignment would be impractical.

*Id.* (citations omitted). In *Proch,* the court held the teacher's proposed realignment of teaching positions was impractical and upheld the teacher's suspension. *Id.* 430 A.2d at 1035–36.

This court may overturn the Board's decision to terminate Strand when the decision was "fraudulent, arbitrary, unreasonable, not supported by substantial evidence on the record, not within the school board's jurisdiction, or is based on an erroneous theory of law." *Whaley v. Anoka-Hennepin Independent School District No. 11,* 325 N.W.2d 128, 130 (Minn. 1982) (quoting *Ganyo v. Independent School District No. 832,* 311 N.W.2d 497, 500 (Minn.1981)).

### 3. *Barbara Johnson*

Appellant Johnson claims the Board erred by terminating her and Livermore because Diehl, age 72, was past the mandatory age of retirement. Johnson claims Diehl should be forced to retire so that Livermore could take Diehl's full-time position. Then, Johnson would be able to fill the part-time position Livermore currently holds.

Johnson contends the Board had a legal duty to terminate Diehl under Minn.Stat. § 181.81, subd. 1(b) (1982), which states:

> Employment shall continue * * * until the employee reaches the compulsory retirement age established by the employer.

*Id.* The Minneapolis School District policy on compulsory retirement states:

> Any teacher who has attained the age of 70 as of June 30 of any year shall be automatically retired and removed from the services of the school system.

Johnson claims her termination was "arbitrary, unreasonable, unsupported by substantial evidence, and based on an erroneous interpretation of law" because the Board had a legal duty to retire Diehl at the time of Johnson's termination.

The Minneapolis School Board claims its mandatory retirement policy is illegal because Minn.Stat. § 125.17, subd. 4 (1982) does not list compulsory retirement as a ground for termination. The Board also claims Minn.Stat. § 181.81 (1982), which authorizes employers to set a mandatory retirement age, does not alter the tenure law.

The Board's position is meritless. Minn. Stat. § 354A.21 (1982) states:

> [A] teacher subject to the provisions of this chapter shall terminate employment at the end of the academic year in which the teacher reaches the age of 70.

*Id.* This provision applies to teachers in cities of the first class even if they have elected not to become members of a retirement fund. *See id.; see also id.* §§ 354A.011, subds. 1, 27, 354A.05. Likewise, Minn.Stat. § 181.81, subd. 1 (1982) authorizes public employers to set a mandatory retirement age.

The Board may not overlook the statutory requirement that teachers retire at age 70 as provided by Minn.Stat. § 354A.21 (1982). Likewise, the Board may not apply its own mandatory retirement policy arbitrarily. The Board acted unreasonably, arbitrarily, and under an erroneous theory of law by terminating Johnson when a more senior teacher had passed the mandatory retirement age.

### DECISION

Strand's termination is reversed and remanded because the Board acted under an erroneous theory of law when it concluded Minn.Stat. § 125.17, subd. 11 (1982) does not require the reassignment of senior teachers in order to protect statutory seniority rights and for the Board to determine if realignment would be impractical.

The Board acted unreasonably, arbitrarily, and under an erroneous theory of law by terminating Johnson while retaining a teacher who had passed the mandatory retirement age.

Reversed and remanded.