■ In the Matter of JANE BEEMAN, Respondent, v BOARD OF EDUCATION OF OYSTER BAY-EAST NORWICH PUBLIC SCHOOLS et al., Appellants. (And Another Title.)—In (1) a proceeding pursuant to CPLR article 78 to compel the Board of Education, Oyster Bay-East Norwich Public School District (board) to reinstate petitioner to a position as an elementary classroom teacher, the appeal is from a judgment of the Supreme

Court, Nassau County (Murphy, J.), entered January 20, 1984, which granted the amended petition and, *inter alia,* directed the board to pay petitioner 10 days' back pay, and (2) a second proceeding pursuant to CPLR article 78 to compel the board to reinstate petitioner to a position as an elementary classroom teacher, the appeal is from a judgment of the same court (Christ, J.), entered November 7, 1984, which dismissed the petition as against Shirley Burck and otherwise granted it, *inter alia,* reinstating petitioner to her position retroactive to June 30, 1983.

Matters remitted to Special Term for the taking of further evidence on the feasibility of adjusting the board's teaching schedule in order to protect petitioner's tenure rights, and for findings of fact on this issue, in accordance herewith, and appeals held in abeyance in the interim *(see, Matter of Chambers v Board of Educ.,* 58 AD2d 961, *after remittitur* 62 AD2d 109, *affd* 47 NY2d 279). Special Term shall file its report with all convenient speed.

Petitioner Beeman and appellants Ranaldo and Reitman have all served in the Oyster Bay-East Norwich school system since 1969 and all received tenure in the elementary education area in 1972. Petitioner had served in the district for several months before appellants Ranaldo and Reitman started to work in the district and all parties agree that she is senior to these two teachers in the elementary education tenure area. In 1976, Reitman was assigned to teach in a special education program, and in 1977 Ranaldo was assigned to teach remedial reading. Both of these teachers possess certification in those respective areas in addition to their certification in the common branch (elementary classroom teaching) area and have continued to teach in these specialized areas since their assignments. Petitioner is certified only in the common branch area.

When, in May 1982, appellant board determined that it had to reduce the number of elementary classroom teaching positions by one, it informed petitioner that her position as a tenured elementary classroom teacher would be "excessed" and her services terminated effective June 30, 1982. At a meeting of the board on August 17, 1982, it excessed the tenured elementary teaching position of appellants Ranaldo and Reitman, also effective June 30, 1982, but reassigned them to positions in the special subject tenure areas of remedial reading and special education, respectively, thereby retaining them as employees in the district.

The board succeeded in giving petitioner a classroom teach-

ing assignment 10 days after the commencement of the 1982-1983 school year, but once again eliminated her position at the end of that school year. Petitioner commenced the first proceeding to challenge the board's actions of May and August 1982 and to recover the 10 days' pay and associated seniority rights and benefits she had lost as a result. While this proceeding was pending, in January 1983, the board adopted a resolution formally creating separate tenure areas for the remedial reading and special education programs that had existed for several years. On November 15, 1983, the board adopted a resolution formally appointing appellants Ranaldo and Reitman to probationary appointments in their special subject tenure areas.

Claiming that these resolutions cured the deficiencies of its earlier actions, the board declined to reinstate petitioner. Petitioner commenced the second proceeding herein to challenge this refusal as well as the board's elimination of petitioner's tenured position at the end of the 1982-1983 school year.

In April 1984, the petitioner, the board, and appellants Ranaldo and Reitman stipulated in the second proceeding to join as a party Shirley Burck, who holds a tenured appointment as a "teacher of learning disabled elementary", and whose appointment is more junior than any of the other three teachers who are parties herein. Burck moved to dismiss the proceeding as to her. By judgment entered November 7, 1984, Special Term granted this motion but granted the relief requested in the second proceeding in all other respects. Remittitur is necessary for the taking of further evidence before we can determine this appeal.

Prior to 1975, the special subject areas of special education and remedial reading were part of the general tenure classification of elementary education (see, 8 NYCRR 30.2 [a]; 30.8 [a] [7], [13]; cf. Matter of Baer v Nyquist, 34 NY2d 291). Because the board adopted no resolution prior to the 1982 appointment of appellants Ranaldo and Reitman to new probationary appointments in these areas, they continued to maintain tenure solely in the general elementary education area (see, 8 NYCRR 30.3). In this area, petitioner was senior to the appellant teachers and was entitled to be retained over them if it was educationally and financially feasible (see, Matter of Chambers v Board of Educ., 47 NY2d 279, supra; Matter of Smyton, 19 Ed Dept Rep 281).

However, a board of education is not required to retain a teacher, even if she is more senior, if such retention would

entail assigning her to an area outside her area of certification *(Matter of Chambers v Board of Educ., supra; Matter of Ward v Nyquist,* 43 NY2d 57). Since petitioner was not certified in the areas of special education and remedial reading, where appellants Ranaldo and Reitman held available positions, she could not have been assigned in their stead *(Matter of Lynch,* 11 Ed Dept Rep 107).

With respect to the placement of appellants Ranaldo and Reitman in new probationary appointments in special subject areas, a tenured teacher may not be subjected to a new probationary period when that would deprive the teacher of broader tenure rights *(Matter of Zubal v Ambach,* 103 AD2d 927; *Matter of Smyton, supra).* However, that did not occur here. Although the board properly excessed these teachers as the most junior faculty with appointments in elementary education, it was still obligated to "reassign its multiple *[sic]* certified teachers * * * so as to retain—in positions for which they are certified—the district's more senior teachers" *(Matter of Smyton, supra,* at p 283). By its August 1982 resolution, the board, in effect, appointed these appellants to new probationary appointments, respectively, in the tenure areas of special education and remedial reading *(see,* 8 NYCRR 30.3). It then transferred them to these areas so as to retain them in the system *(see,* 8 NYCRR 30.13 [c]).* The board's subsequent resolutions of January and November 1983 merely implemented in form what had already been accomplished in substance, that is granting the appellant teachers new probationary appointments in the new tenure areas starting in September 1982.

The board did have one obligation to petitioner, the proper discharge of which cannot be determined from the record. If there was another tenured elementary school teacher available in the district, who was assigned to classroom duty but who also was certified to teach either special education or remedial reading, then the board had the obligation to determine whether it was feasible to rearrange the teaching schedules to preserve petitioner's tenure rights over those of the appellant teachers or other less senior faculty members *(Matter of Chambers v Board of Educ., supra,* at p 282; *Matter of Amos v Board of Educ.,* 43 NY2d 706; *Matter of Smyton, supra,* at p 283). There is no indication in the record as to whether this could have been done, although petitioner asserts it could have. Accordingly, the case is remitted to Special Term for a determination as to whether any such solution was available and feasible. Special Term should file its report with

all convenient speed *(see, Matter of Chambers v Board of Educ., supra).*

The appeals are held in abeyance in the interim. Therefore, we do not express an opinion at this time as to whether respondent Burck was a necessary party and whether or not the dismissal of the petition as to her was proper. Lazer, J. P., Mangano, O'Connor and Niehoff, JJ., concur.