In re The Placement on Unrequested Leave of Absence of Judith **PINKNEY**, Linda **Jeffery**, Nancy **Johnson**, Ellen **Prinkkila**, Julie **Johnson**, Nancy **Ralston**, Kathleen **Jarvi**, Susan **Colvin** and Gene **Paulson**.

In re Placement of Ronald **SKUBE** on Unrequested Leave of Absence.

Nos. C4–84–1239, C0–84–1240.

Court of Appeals of Minnesota.

Aug. 22, 1984.

Roger A. Peterson, Minneapolis, for all petitioners.

John Colosimo, Virginia, for I.S.D. # 691.

Scott C. Neff, Virginia, for I.S.D. # 692.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., without oral argument.

## MEMORANDUM OPINION AND ORDER

POPOVICH, Chief Judge.

### FACTS

Petitioners are teachers placed on unrequested leave by the school boards of respondent districts. The decision placing petition Skube on unrequested leave was served on May 17, 1984 and the decision placing petitioners Pinkney, Jeffery, Johnson, Prinkkila, Johnson, Ralston, Jarvi, Colvin and Paulson was served on May 21, 1984. On July 9, 1984 petitioners sought issuance of writs of certiorari. The writs were not issued because the clerk of the appellate courts concluded that the petition was untimely. Petitioners move for an order directing the clerk to issue writs dated July 9, 1984.

### ANALYSIS:

1. Rule 115.01, Minnesota Rules of Civil Appellate Procedure provides:

Review by the Court of Appeals of decisions of the Commissioner of Economic Security and other decisions reviewable by certiorari and review of decisions appealable pursuant to the Administrative Procedure Act may be had by securing issurance of a writ of certiorari within 30 days after the date of the mailing notice of the decision to the party applying for the writ, unless an applicable statute prescribes a different period of time.

2. Petitioners argue that the legislature has statutorily specified a different period of time for appeals from school board decisions. Minn.Stat. § 606.01 (1982) provides:

No writ of certiorari shall be issued, to correct any proceeding, unless such writ shall be issued within 60 days after the party applying for such writ shall have received due notice of the proceeding sought to be reviewed thereby.

3. Chapter 606 was superseded with respect to appellate practice and procedure in the Supreme Court by the Rules of Civil Appellate Procedure effective February 1, 1968. Minn.R.Civ.App.P. Appendix A (1968), *noted at* M.S.A. § 606.01.

4. Respondents argue that the 30 day limitation imposed by Rule 115.01 also supersedes the statute for writs issued from the Minnesota Court of Appeals. We disagree. The legislature clearly intends Minn.Stat. Chapter 606 to apply to this court's certiorari review of civil cases, such as those brought by petitioners. *See* Minn. Stat. § 606.04 (Supp.1983).

5. The "30 days from mailing" limitation of Rule 115.01 applies whenever the time for obtaining certiorari review is not specifically prescribed by statute. For example, it applies to review of decisions of the Commissioner of Economic Security. However, "review of decisions appealable pursuant to the Administrative Procedure Act" must be obtained within 30 days from receipt of notice. Minn.Stat. § 14.63 (Supp. 1983). Similarly, a writ of certiorari must issue within 60 days after petitioner re-

ceives notice of a proceeding to be reviewed under Minn.Stat. § 606.01.

**DECISION AND ORDER**

The clerk of the appellate courts shall forthwith issue writs of certiorari dated July 9, 1984. The petitions and writs shall be served in accordance with Rule 115.03, subd. 4, Minnesota Rules of Civil Appellate Procedure within five days from the date this opinion is filed. For purposes of the calculation of any other time period specified by the Rules of Civil Appellate Procedure, the date of issuance shall be considered to be the date this opinion is filed.

Writs of certiorari shall issue.