PLANT MACHINERY & EQUIPMENT, INC., Appellant,

v.

Barbara J. BUTLER, Respondent.

No. C7–84–666.

Court of Appeals of Minnesota.

Dec. 24, 1984.

Paul A. Skjervold, Shorewood, for appellant.

Barbara J. Butler, pro se.

Heard, considered and decided by FORSBERG, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

LANSING, Judge.

This is an appeal from a judgment in favor of the respondent in a contract dispute. We affirm.

## FACTS

Barbara Butler began work as a secretary for Plant Machinery & Equipment, Inc., on April 22, 1980. She was promised a commission on any sales lead ("inquiry") that she developed that resulted in a sale. The parties orally set the commission at two percent of the gross sales commission.

On November 25, 1981, due apparently to confusion over the amount of Butler's commission, the parties modified the oral agreement and reduced it to writing. The written agreement provided, in relevant part, that Butler could earn ten percent of the sales commission if she developed the inquiry and ascertained the specific requirements of the account. The terms of the new contract were retroactive, providing:

> This agreement is for [a] one year period beginning 4/22/80 and renews automatically on each succeeding anniversary date unless either party advises the other 30 days prior of intent not to renew or change it.

On April 23, 1982, the parties entered into another written contract that again authorized a ten percent commission under the same terms as the previous contract.

In November 1982 a September 1980 inquiry by Butler resulted in a sale to ITT Meyers Industry. Butler demanded ten percent of that sales commission, but the company refused to pay more than two percent, claiming that the oral agreement in effect at the time of the inquiry provided for only a two percent commission.

Butler sued in conciliation court and obtained a judgment in her favor. The case was removed to municipal court, where judgment was again entered in favor of Butler.

## ISSUES

1. Is the amount of appellant's sales commission governed by the parties' oral agreement or their subsequent written agreement?

2. Does the record support respondent's claim for a ten percent commission?

## ANALYSIS

### I

The November 1981 contract expressly states that it covers a period begin-

ning on April 22, 1980. Plant Machinery does not dispute the written terms and claims no ambiguity. Where contract terms are plain, the court should not consider extrinsic evidence varying those terms. *Hayle Floor Covering, Inc. v. First Minnesota Construction Co.*, 253 N.W.2d 809, 812 (Minn.1977). Butler's commission arose from an inquiry made during the time period retroactively covered. The contract expressly supersedes any pre-existing oral agreement of the parties and consequently controls the rate of commission.

## II

Plant Machinery contends that Butler did not ascertain ITT Meyers' specific requirements when she made her inquiry leading to the November 1982 sale and that therefore Butler is not entitled to a ten percent commission even under the terms of the written contract.

The trial court was presented with conflicting evidence concerning the extent of Butler's inquiry. Our function is not to find the facts from the disputed evidence presented but, rather, to determine whether the trial court's decision is supported by evidence. *Action Times Carpets, Inc. v. Midwest Carpet Brokers, Inc.*, 271 N.W.2d 36, 40 (Minn.1978). We find the trial court's determination that Butler is entitled to the ten percent sales commission supported by the record.

## DECISION

The record supports the trial court's determination that Butler was entitled to a ten percent commission under the terms of the parties' written agreement.

Affirmed.