Ernest C. BRANDHORST, et al., Relators,

v.

SPECIAL SCHOOL DISTRICT NO. 1, Respondent.

Nos. C8-84-1826, CX-84-1987.

Court of Appeals of Minnesota.

April 9, 1985.

Roger A. Peterson, Joseph B. Nierenberg, Peterson, Engberg & Peterson, Minneapolis, for relators.

Frederick E. Finch, Fredrickson & Byron, P.A., Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and CRIPPEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Relators are teachers who were discharged by Special School District No. 1 on August 14, 1984. The teachers claim the district erred by terminating them because less senior teachers were retained in positions the relating teachers were qualified to teach. The district contests this court's jurisdiction to hear an appeal from a school board teacher termination proceeding pur-

suant to Minn.R.Civ.App.P. 106. We reverse and remand.

## FACTS

The teachers were Minneapolis public school teachers who taught industrial arts. On August 14, 1984, the district terminated the teachers on the statutory grounds of discontinuance of position and lack of pupils. Each of the teachers holds an industrial arts license, with one, Manston, also holding a vocational license in machine shop operations.

The district retained ten teachers in the industrial arts department who were less senior than the relating teachers. This would allow the less senior teachers to have the same assignments held the previous school year, involving a combination of vocational courses and industrial arts courses.

The district also retained Donald Metzger, who is assigned to the Minneapolis Technical Institute in a machine shop operations position. Manston holds the appropriate licensure for Metzger's position and is more senior than Metzger. The district refused to allow Manston to bump the less senior Metzger because Metzger's position is forty-six weeks per year and Manston's position was the regular thirty-eight weeks per year.

## ISSUES

1. Does this court have jurisdiction to hear an appeal from a school board teacher termination proceeding?

2. Did the school district err by terminating teachers with greater seniority from positions they were qualified to teach while retaining less senior teachers?

## ANALYSIS

### I

■ The district challenges this court's jurisdiction to hear appeals from school board actions. In another matter involving the same district, the Minnesota Supreme Court refused to grant a writ of prohibition to prevent this court from hearing an appeal from a school board teacher termination proceeding. *See Strand v. Special School District No. 1*, No. C1–84–1912 (Minn. Nov. 29, 1984) (order denying writ of prohibition). Therefore, this issue, by now, should have been sufficiently clarified. This court has jurisdiction to hear appeals from teacher termination proceedings by school boards. *Id.; see In re Pinkney*, 353 N.W.2d 676, 677 (Minn.Ct.App. 1984).

### II

■ This court may overturn the district's decision to terminate the teachers if the decision was "fraudulent, arbitrary, unreasonable, not supported by substantial evidence on the record, not within the school board's jurisdiction, or is based on an erroneous theory of law." *Whaley v. Anoka-Hennepin Independent School District No. 11*, 325 N.W.2d 128, 130 (Minn. 1982) (quoting *Ganyo v. Independent School District No. 832*, 311 N.W.2d 497, 500 (Minn.1981)).

■ The teachers claim the district should have restructured teaching assignments to protect their seniority rights by making the industrial arts assignments in order of seniority. They claim the combination of vocational courses and industrial arts courses constituted one position under applicable teachers tenure law. Manston claims he is entitled to Metzger's position.

The seniority rights of tenured teachers in cities of the first class is governed by Minn.Stat. § 125.17, subd. 11(a) (1984), which provides:

Any teacher whose services are terminated on account of discontinuance of position or lack of pupils shall receive first consideration for other positions in the district for which that teacher is qualified. In the event it becomes necessary to discontinue one or more positions, in making such discontinuance, teachers shall be discontinued in any department

in the inverse order in which they were employed.

*Id.*

This court addressed this issue recently in *Strand v. Special School District No. 1,* 361 N.W.2d 69 (Minn.Ct.App.1984). Under virtually identical facts, this court stated:

We note that, at a minimum, Strand should have received the .4 child development assignment because this was a separate position for which she was licensed and had greater seniority than Olson.

"[P]osition" within the context of Minn.Stat. § 125.17 is that subject area and grade level for which the teacher is qualified as evidenced by licensure from the State of Minnesota.

*Berland* [v. Special School District No. 1, Minneapolis], 314 N.W.2d [809] at 812. We believe the Board's definition of "position" as any particular grouping of different areas of licensure is too restrictive under *Berland.* This definition of position would permit the arbitrary combination of different areas of licensure into one "position" and circumvent teachers' tenure rights.

*Id.* at 72–3. Like *Strand,* the teachers in this matter should have received industrial arts assignments because they were more senior than the retained teachers actually assigned to these positions.

■ The district claims it was justified in retaining the less senior teachers because the school district receives state funding for full-time vocational teachers. This argument is irrelevant to the issue at hand because reassignment of the senior teachers would not reduce the number of hours being taught in vocational courses. The senior teachers do not seek to teach vocational courses for which a state vocational license is required.

Manston disputes the district's authority to terminate him while retaining less senior Donald Metzger, who works at the Minneapolis Technical Institute, a post-secondary vocational training center. Manston has the appropriate licensure and more seniority than Metzger.

The district responds that it was not required to retain Manston because "the distinction between a secondary position lasting 38 weeks a year and a post-secondary position lasting 46 weeks per year is a valid administrative distinction." The district does not state or expand upon its alleged distinction between a secondary and post-secondary position. It merely contends assigning Manston to Metzger's position would constitute an unwarranted promotion because Manston would switch from a 38 week position to a 46 week position.

■ Teachers' seniority rights are based on licensure and seniority. *Walter v. Independent School District No. 457,* 323 N.W.2d 37, 43 (Minn.1982). In rejecting a school board's claim that a male could not fill a girl's physical education position held by a less senior female teacher, the *Walter* court stated:

We do not believe that the legislature intended to give school boards the discretion to conclude, independently, that a teacher should not be reinstated * * * because he or she lacks certain "special qualifications" beyond those required by the licensing authority.

*Id.*

Both positions in this matter are compensated at equal rates; the only difference is that Metzger's position receives more total compensation because of the longer work year. The administrative significance of the length of a teachers work year is less than other administrative distinctions rejected by our courts. *See id.; Krug v. Independent School District No. 16,* 293 N.W.2d 26 (Minn.1980) (seniority rights override administrative distinction between public health nurse and school nurse); *Roseville Education Association v. Independent School District No. 623,* 353 N.W.2d 691 (Minn.Ct.App.1984) (seniority rights override administration distinction between deans and teachers).

### DECISION

This court has jurisdiction to hear appeals from school board teacher termination proceedings. The district acted under

an erroneous theory of law by terminating teachers with more seniority than other teachers teaching industrial arts courses. The district also acted under an erroneous theory of law by concluding the number of weeks a teacher teaches during a school year is a valid administrative distinction overriding a teachers statutory tenure rights.

The record does not contain a precise record of the retained teachers' teaching assignments for the 1984–85 school year. Consequently, it is not possible for this court to determine how relating teachers, except Manston, should have been assigned to industrial arts positions. This matter is remanded to the school board with instructions to reinstate the relating teachers in accordance with this opinion.

Reversed and remanded.