Donald E. GRINOLDS,
Relator, Appellant,

v.

INDEPENDENT SCHOOL DISTRICT
NO. 597, Respondent.

No. CX–84–2069.

Court of Appeals of Minnesota.

April 30, 1985.

Douglas L. Skor, Briggs & Morgan, St. Paul, for appellant.

James E. Knutson, St. Paul, for respondent.

Heard, considered, and decided by CRIPPEN, P.J., and PARKER and WOZNIAK, JJ.

## OPINION

WOZNIAK, Judge.

The school board of Independent School District No. 597 placed Donald Grinolds on unrequested leave of absence on May 30, 1984. Upon Grinolds' petition, Polk County District Court decided to review the school board's decision and issued a writ of certiorari. The writ was subsequently vacated on the grounds that the district court did not have jurisdiction to issue the writ. Grinolds appeals from the vacating order, claiming that the district court erred on the jurisdictional issue; or, in the alternative, that discretionary review should be granted at this time. We affirm the vacating order, but grant discretionary review.

## FACTS

The facts of this case are undisputed.

Donald Grinolds has a continuing contract as the superintendent of schools of ISD No. 597, pursuant to Minn.Stat. § 125.-12 (1984). In 1982 the school district reassigned him as a classroom teacher, with a substantial reduction in salary and benefits. Grinolds brought suit, and the Min-

nesota Supreme Court held that the school district had violated his contractual and statutory rights under Minn.Stat. § 125.12. *Grinolds v. Independent School District No. 597*, 346 N.W.2d 123 (Minn.1984). On remand, the district court ordered that Grinolds be reinstated as superintendent with backpay and benefits.

On May 30, 1984, the school board of ISD No. 597 placed Grinolds on unrequested leave of absence, pursuant to Minn.Stat. § 125.12, subd. 6b (1984). In response, Grinolds petitioned the Polk County District Court to issue a writ of certiorari to review the decision of the school board. The district court issued the writ on July 3, 1984, and respondent school district served and filed a return to the writ on August 2, 1984.

On September 10, 1984, the school district brought a motion to vacate the writ for lack of jurisdiction. The motion was granted on November 5, 1984. The time period allowed for petitioning the proper court, which is the court of appeals, expired on July 30, 1984. Grinolds filed a notice of appeal on November 28, 1984.

### ISSUES

1. Did the trial court err in determining that the court of appeals has exclusive jurisdiction over appeals from local school boards?

2. Should the court of appeals permit review on the merits at this time?

### ANALYSIS

#### I.

Grinolds argues that the writ of certiorari was vacated in error because a school board decision may properly be appealed to either the court of appeals or the district court.

■ We see no need to analyze this point any further. Jurisdiction to hear appeals from school board actions lies with the court of appeals, and not the district courts. *Brandhorst v. Special School District #1*, 365 N.W.2d 383 (Minn.Ct.App. 1985); order of the supreme court in *Strand v. Special School District No. 1*, 361 N.W.2d 69 (Minn.Ct.App.1984) (supreme court order denying writ of prohibition); order of the supreme court in *Schmidt v. Independent School District No. 1*, 349 N.W.2d 563 (Minn.Ct.App.1984) (supreme court order quashing a writ issued by the district court and granting review before the court of appeals).

#### II.

■ A writ of certiorari must issue within 60 days after the party receives notice of the proceeding to be reviewed. *In re Pinkney*, 353 N.W.2d 676, 677 (Minn.Ct.App. 1984); Minn.Stat. § 606.01 (1984). Grinolds received notice of the school board's decision to place him on unrequested leave of absence on May 30, 1984. The 60-day period expired on July 30, 1984. The question now before us is whether this court should consider issuing a writ nearly one year after Grinolds received notice.

The Minnesota Rules of Appellate Procedure seem to prohibit this court from reviewing Grinolds' case. Rule 126.02 provides, in pertinent part:

> The appellate court may not extend or limit the time for filing the notice of appeal or the time prescribed by law for securing review of a decision or an order of a court or an administrative agency, board, commission or officer, except as specifically authorized by law.

Minn.R.Civ.App.P. 126.02.

Appellant argues that this court should suspend the rules of procedure pursuant to Rule 102, which provides:

> In the interest of expediting decision upon any matter before it, or for other good cause shown, the Supreme Court or the Court of Appeals, *except as otherwise provided in Rule 126.02*, may suspend the requirements or provisions of these rules on application of a party or on its own motion and may order proceedings in accordance with its direction.

Minn.R.Civ.App.P. 102 (emphasis added). Grinolds' argument is faulty because Rule 102 specifically prohibits suspension of the rules in the case of a late appeal.

A strict application of Rule 102 would bar Grinolds' request. Nevertheless, on the particular facts of this case, justice is better served by suspending the rules and allowing review on the merits.

Grinolds was not dilatory in seeking review. The petition was filed and the writ was issued well within the 60-day deadline applicable to certiorari proceedings, albeit in the wrong court. Further, respondent did not even challenge the district court's jurisdiction until after the 60-day period had expired, and the school district will suffer no prejudice if this court grants review at this time.

Considerable uncertainty as to jurisdictional matters existed throughout the court of appeal's first year. Significantly, it was during this period of uncertainty that Grinolds secured the writ from the district court. This court's jurisdiction in school board matters was only settled recently in the *Strand* and *Schmidt* opinions. Indeed, the jurisdiction issue was raised again in the *Brandhorst* opinion which was released just last month. These decisions, which have clarified the appellate jurisdiction of school board decisions, were released long after the expiration of the time allowed for appellant to secure a writ of certiorari from this court. Consequently, under the facts of this case, review on the merits is granted.

### DECISION

The court of appeals has exclusive jurisdiction to hear appeals from school board decisions.

In the interests of justice, the 60-day requirement is suspended and appellant is granted leave to petition the court of appeals for a writ of certiorari at this time.

Affirmed.