**LeRoy FEHR, Respondent,**

v.

**Keith WELKER, individually and d.b.a. Welker's Hay and Straw, Appellant.**

**No. C2-85-1735.**

Court of Appeals of Minnesota.

Feb. 11, 1986.

Bruce D. Obenland, Glenwood, for respondent.

Michael M. Erhardt, Benson, for appellant.

Considered and decided by POPOVICH, C.J. and WOZNIAK, and SEDGWICK, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

### FACTS

In August 1984, LeRoy Fehr and Keith Welker entered into an oral contract regarding the purchase and sale of bales of straw. Fehr testified that, under the agreement, Welker was to purchase 16,000 bales from Fehr at 60 cents per bale. He also testified that Welker was to remove and pay for the bales within one month. Welker testified that he informed Fehr that he was using the wrong kind of baling twine and that he was not properly stacking the bales. Welker further testified that, because of the improper twine, he did not guarantee the purchase of the bales, and only promised to take what he could haul away. Finally, Welker testified that he told Fehr about the problems with the twine and stacking, but that Fehr did not correct the problems. Welker admits that he did remove 5,390 bales from Fehr's farm for which he has never paid Fehr. In the spring of 1985, Fehr sold 300 of the remaining bales to a third party for $160. The remaining straw deteriorated from the weather and was worthless at the time of trial.

The trial court concluded that Welker had breached the agreement, and that Fehr sustained damages of at least $8,100. Judgment was entered against Welker for $8,100, together with interest from September 1, 1984, plus costs and disbursements, and Welker appeals.

### ISSUE

Are the trial court's findings of fact clearly erroneous?

### ANALYSIS

■ It is well settled that the findings of the trial court will not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01.

Upon review, our function is limited to determining whether the trial court's findings are supported by the evidence. *Plant Machinery & Equipment, Inc. v. Butler,* 359 N.W.2d 656, 658 (Minn.Ct.App.1984). The evidence is to be viewed in the light most favorable to the prevailing party. *Asp v. O'Brien,* 277 N.W.2d 382, 384 (Minn.1979).

■ The record contains sufficient evidence to sustain the trial court's findings. Fehr testified that the parties agreed on the purchase and sale of 16,000 bales. He testified that, when the agreement was made, 14,500 of the 16,000 bales had already been baled with seisl twine rather than the plastic twine which Welker preferred. Welker admitted that he knew when making the agreement that all of the straw then baled was tied with seisl twine. Fehr also testified that Welker only advised rather than insisted that Fehr change his method of stacking, and that Welker knew that the remaining bales would be stacked in the same manner. Finally, Welker did haul away 5,390 bales without raising any objection when he took them.

■ Welker also argues that the trial court erred in failing to deduct from the damage award the $160 which Fehr received from his third party sale. The trial court found Fehr's damages to be *at least* $8,100, and that Fehr had the additional expense of getting rid of the worthless bales. Under such circumstances, the trial court did not err in failing to deduct the $160.

### DECISION

The trial court is affirmed.