**Michael COLLINS, Relator,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 745, Respondent.**

No. C5–87–1247.

Court of Appeals of Minnesota.

Dec. 8, 1987.

William F. Garber, Peterson, Engberg & Peterson, Minneapolis, for relator.

James E. Knutson, Marie C. Skinner, St. Paul, for respondent.

Heard, considered and decided by FORSBERG, P.J., and LANSING and NIERENGARTEN, JJ.

## OPINION

FORSBERG, Judge.

Relator Michael Collins and Robert Westgard are teachers. Both were placed on unrequested leave of absence by respondent Independent School District No. 745 ("school district"). Westgard requested a hearing; Collins did not. Westgard appealed his placement on leave; Collins did not. This court eventually directed the school district to reinstate Westgard. Collins now challenges by writ of certiorari the school district's action in reinstating Westgard but failing to account for him. We reverse.

## FACTS

In April, 1985, the school district proposed to place several teachers on unrequested leave of absence ("ULA"), including Collins and Westgard. Westgard requested a hearing pursuant to Minn.Stat. § 125.12, subds. 4 and 6b(j) (1984). Collins did not request a hearing.

At Westgard's hearing, evidence was presented concerning the licensure, position, and seniority of each teacher proposed for ULA, including Collins. That evidence revealed that Collins was entitled to bump Westgard from Westgard's physical education position, and that Westgard could in turn bump another teacher, moving into a social studies position. Both parties then debated the practicality of realigning the positions according to seniority of Collins, Westgard, and others. The hearing examiner concluded:

> 4. Westgard should be placed on unrequested leave of absence due to the uncertainty of the decision of the supreme court in the *Strand* case. * * * If the *Strand* case is affirmed, the School District would be obligated to offer Westgard a full time combination position * * *.
>
> * * * * * * * * * * * *
>
> 6. That Collins is less senior than any other Physical Education teacher that will be retained for the 1986–87 school year and is not qualified to bump any other teacher * * *.

Pursuant to this recommendation, the school district placed Collins, Westgard, and others on ULA on May 28, 1986.

On September 5, 1986, the Minnesota Supreme Court affirmed this court's decision in *Strand* to the extent that it effects this dispute, holding:

> [w]here reassignment or realignment * * * is practical and reasonable, a

school district is required to reassign teaching duties in a manner designed to continue the employment of senior teachers * * *.

*Strand v. Special School District No. 1,* 392 N.W.2d 881, 886 (Minn.1986).

Prior to the supreme court's decision in *Strand,* this court granted certiorari to review Westgard's placement on ULA. In a decision rendered after *Strand,* this court set out the following facts regarding its perception of the relative position of each teacher:

The *seniority and licensure* for the positions are as follows:

| Phys. Ed. | Health | Ind. Arts | Soc. Studies |
|---|---|---|---|
| Collins (FT) | Westgard (FT) | Havard (FT) | Havard (HT) |
| Havard (HT) | | Blenkush (FT) | Westgard (HT) |
| Westgard (FT) | | | Meyer (FT) |

Their assignments for the 1986–87 school year were:

| Collins | Unrequested Leave of Absence |
|---|---|
| Havard | .5 Phys. Ed., .5 Soc. Studies |
| Westgard | .4 Health |
| Blenkush | 1.0 Industrial Arts |
| Meyer | 1.0 Social Studies |

Westgard contends Havard, the most senior teacher, should have been moved to fill Blenkush's full-time industrial arts position. Westgard could then move into Havard's vacated positions; Blenkush, who is less senior than either Havard or Westgard, would then be placed on unrequested leave. Under this arrangement, Westgard's .4 health position would be given to another teacher.

The district's schedule under the most simple *Strand* realignment would be:

| Havard | 1.0 Industrial Arts |
|---|---|
| Westgard | .5 Physical Education |
| | .5 Social Studies |
| Blenkush | Unrequested Leave of Absence |
| Other teacher | .4 Health |

*Westgard v. Independent School District No. 745,* 400 N.W.2d 341, 342 (Minn.Ct.App. 1987), *pet. for rev. denied* (Minn. Apr. 17, 1987). Holding that *"Strand* requires the district to realign class schedule and reassign teaching duties to continue the employment of the most senior teachers," this court directed the district "to reinstate Westgard to a fulltime teaching position * * *." *Id.* at 346.

Following denial of review by the supreme court, the school district reinstated Westgard on April 30, 1987. Collins petitioned for and was granted certiorari by this court on June 25, 1987.

## ISSUES

1. Is Collins' challenge to the school district's reinstatement of Westgard timely under Minn.Stat. § 606.01?

2. Did the school district unreasonably exclude Collins from realignment as directed in *Westgard?*

## ANALYSIS

■ A reviewing court may reverse school board actions only when those actions are fraudulent, arbitrary, unreasonable, not supported by substantial evidence on the record when viewed in its entirety, not within its jurisdiction, or are based upon an erroneous theory of the law. *Foesch v. Independent School District No.*

*646*, 300 Minn. 478, 485, 223 N.W.2d 371, 375 (1974).

## I.

▮ Certiorari is the correct method of challenging school district actions. *Strand*, 392 N.W.2d at 883.

No writ of certiorari shall be issued, to correct any proceeding, unless such writ shall be issued within 60 days after the party applying for such writ shall have received due notice of the proceeding sought to be reviewed thereby.

Minn.Stat. § 606.01 (1986).

In this case, a writ issued on June 25, 1987, seeking review of a proceeding held on April 30, 1987. Simply following these dates, the writ is timely since it issued before the 60–day deadline, which fell on June 29, 1987.

The school district argues that since Collins received notice of ULA more than 60 days prior to the issuance of this writ, his challenge is untimely, citing *Roseville Education Association v. Independent School District No. 623*, 391 N.W.2d 846 (Minn. 1986). In *Roseville* a number of teachers were placed on ULA. Most teachers requested hearings; 13 teachers did not. Eight of these teachers received notice of ULA on May 24, 1985. The other five teachers received notice later than May 24.

Claiming that the school board reinstated less senior teachers than those kept on ULA, the 13 teachers caused a writ to issue on July 24, 1985. The supreme court dismissed the claims of the eight teachers because the writ "did not issue until the 61st day after they had received notice of their placement on leave." *Id.* at 849.

The holding in *Roseville* does not support the school district's argument. The court in *Roseville* simply applied the 60–day limitation to the challenged action, which was the placement on ULA. Nothing in *Roseville* states that a teacher placed on leave may only challenge the action placing him on leave. Here, Collins challenges an action reinstating a less senior teacher. This action occurred well after Collins' original placement on leave. Collins had no idea

that a less senior teacher would be reinstated when he was placed on leave, and therefore had nothing to challenge.

▮ It may be argued that since Collins failed to request a hearing when leave was proposed, he has lost his right to complain. The *Roseville* court addressed the effect of waiving a hearing. The court decided that a teacher who waives a hearing concedes that the school board has sufficient grounds to eliminate positions and that he lacks seniority to bump another teacher to avoid ULA. The court explicitly conditioned this concession on the assumption that

there has been no change in circumstances after the time for requesting a hearing has expired which changes that teacher's seniority and bumping rights.

*Id.* at 850. The rule emerging from *Roseville* is that a teacher who waives a hearing may challenge an action affecting his rights as long as a writ issues within 60 days of the action. *See also Evans v. Independent School District No. 281*, 396 N.W.2d 616, 619 (Minn.Ct.App.1986).

▮ The school district argues that Westgard's reinstatement does not affect Collins' seniority rights since Westgard's full-time teaching position could conceivably consist of subjects for which Collins is not licensed. This is contrary to the position the school district took when it petitioned the Minnesota Supreme Court for review of *Westgard*. The school district's main challenge at that time was that realignment involving Collins and Westgard was impractical, unreasonable, and contrary to the welfare of the students. In its petition for review, the school district stated:

The only possible realignment based strictly on license and seniority is as follows: Havard would move into the 1.0 FTE industrial arts position currently occupied by the most junior teacher Blenkush. Collins, who has more seniority than Westgard, would take .6 FTE physical education from Westgard and .4 FTE physical education from Havard's previous position. Finally, Westgard would occupy a full-time position consisting

of .4 FTE health, .1 FTE physical education, and .5 FTE social studies from Havard's previous position. As a result of this realignment Blenkush, the least senior teacher, would be placed on unrequested leave of absence.

The school district realized that although the Court of Appeals in *Westgard* erroneously concluded that Collins was on ULA, the direction to "realign class schedule and reassign teaching duties to continue the employment of the most senior teachers" necessarily included Collins because he was senior to Westgard. Collins' rights are affected to the extent that Westgard is now teaching subjects for which Collins is licensed. We find Collins' challenge of Westgard's reinstatement timely and proper under the *Roseville* rule.

## II.

■ Finally, we hold that the school district unreasonably excluded Collins by ignoring this court's direction in *Westgard* to realign the available positions according to seniority. We reaffirm the *Westgard* holding here and direct the school district to return Collins to a position in accordance with his licensure and seniority. The alignment suggested by the school district in its petition to review *Westgard* is acceptable, but not mandatory. The school district may rearrange positions in any way it wishes as long as the most senior teachers are given the maximum number of hours in the areas for which they are licensed.

### DECISION

The school district unreasonably excluded Collins when it realigned classes to accommodate Westgard only. Therefore, its resolution returning Westgard is reversed. The school district is directed to realign class schedules and reassign teaching duties to the most senior teachers, including Collins and Westgard.

Reversed.