**Kristine DOKMO, Respondent,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 11, ANOKA–HENNEPIN, Minnesota, Appellant.**

**No. C2–89–190.**

Court of Appeals of Minnesota.

Aug. 1, 1989.

Review Granted Sept. 27, 1989.

Richard A. Williams, Jr., Hvass, Weisman & King, Minneapolis, for respondent.

John M. Roszak, Anne F. Krisnik, Ratwik, Roszak, Bergstrom, Maloney & Bartel, P.A., Minneapolis, for appellant.

Heard, considered, and decided by PARKER, P.J., and KALITOWSKI and THOREEN,* JJ.

## OPINION

KALITOWSKI, Judge.

After appellant Independent School District No. 11 (Anoka–Hennepin School District) refused to reinstate respondent Kristine Dokmo from her voluntary extended leave of absence, Dokmo commenced a declaratory judgment action seeking a declaration that she was a substitute teacher during her leave, and requesting reinstatement, lost benefits, and damages. On appeal from partial summary judgment in Dokmo's favor, the District argues that the trial court lacked subject matter jurisdiction and erred in finding that Dokmo worked as a substitute. We affirm.

## FACTS

Kristine Dokmo began teaching in the Anoka–Hennepin School District in the fall of 1970. She was a continuing contract teacher with the District until her termination.

In November 1982, Dokmo first expressed an interest in an extended leave pursuant to Minn.Stat. § 125.60, subd. 3 (1988) to pursue free lance art or employment in a post high school setting. In January 1983, the school board granted Dokmo an extended leave of absence to commence July 1, 1983. She signed the forms necessary to receive approval from

the State Department of Education. One form included terms similar to the provisions of Minn.Stat. § 125.60, subd. 6a (1988). The form stated:

> * * * If I accept a full-time or part-time position as a teacher in another Minnesota School District while on extended leave of absence, the School District identified herein is not obligated to reinstate me to a position for which I am licensed * * *. Further, I understand that I may be employed as a substitute teacher by any district during the extended leave; * * *.

At the time Dokmo took her leave of absence, she was also a part-time illustrator at Edu–Systems, an educational software developer. She wanted to expand her position with Edu–Systems during her leave of absence.

In December 1982, Dokmo's husband, an ordained minister, resigned from his Twin Cities congregation to accept work with a congregation in LeSueur beginning in February 1983. Dokmo remained in the Twin Cities through the school year.

After arriving in LeSueur, Dokmo was accepted in the gifted education program at Mankato State University, but decided against enrolling because of the curriculum. She also investigated the possibility of a part-time teaching position at Gustavus Adolphus College.

Eventually, Dokmo was hired as a year long substitute art teacher in the LeSueur School District. The incumbent, Maureen Gunderson, was on maternity leave for a year. Dokmo signed a "long-term substitute" teaching contract with the district for the 1983–84 school year.

Before the next school year, Gunderson again elected to take maternity leave, and Dokmo signed a second long-term substitute contract. At the end of the 1984–85 and 1985–86 school years, Gunderson continued her leave, and Dokmo signed two more long term substitute contracts. Each contract contained a waiver of Dokmo's continuing contract rights in the LeSueur District. When Gunderson decided to re-

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

turn for the 1987–88 school year, the LeSueur District terminated Dokmo.

In January 1987, Dokmo requested reinstatement in the Anoka–Hennepin District. Dokmo received a letter from the District setting her return date for July 1.

Approximately one month later, the District informed Dokmo she was ineligible for reinstatement because of her employment as a teacher during her leave and that she had been deemed as having submitted her voluntary resignation. At the school board's April 13 meeting, the District Personnel Administrator recommended that Dokmo be terminated. The board's minutes do not reflect what action was taken on the recommendation. Apparently, there was no discussion, no vote and no recorded action taken at the meeting.

Dokmo later received a letter from Superintendent Lewis W. Finch stating that the board had accepted her resignation upon termination of her leave. The letter read in part:

As was indicated to you in previous correspondence, you are deemed to have waived your rights to reinstatement as a teacher in the Anoka–Hennepin School District upon completion of your extended (career change) leave of absence.

Dokmo commenced a declaratory judgment action in the district court. The trial court found that Dokmo had worked as a substitute rather than full-time teacher and ordered her reinstatement. The court reserved the issue of damages.

## ISSUES

1. Did the trial court properly exercise jurisdiction?

2. Was respondent entitled to reinstatement pursuant to Minn.Stat. § 125.60, subd. 3 (1988)?

## ANALYSIS

### Standard of Review

█ Summary judgment will be affirmed on appeal if there is no genuine issue of material fact, and the trial court did not err in its application of the law. *Betlach v.* *Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979); Minn.R.Civ.P. 56.03. A reviewing court may overturn a school board's decision if the decision is fraudulent, arbitrary, unreasonable or unsupported by substantial evidence, not within its jurisdiction, or based on an error of law. *Foesch v. Independent School District No. 646,* 300 Minn. 478, 485, 223 N.W.2d 371, 375 (1974) (citations omitted).

1. Subject matter jurisdiction.

█ Minnesota courts have stated that the proper path for appealing school board decisions is by writ of certiorari. *Strand v. Special School District No. 1,* 392 N.W.2d 881, 883 (Minn.1986); *Roseville Education Association v. Independent School District No. 623,* 391 N.W.2d 846, 849 (Minn.1986); *Grinolds v. Independent School District No. 597,* 346 N.W.2d 123, 128 (Minn.1984) (*Grinolds I*); *Collins v. Independent School District No. 745,* 416 N.W.2d 174, 177 (Minn.Ct.App.1987). The District argues that appeal of school board decisions may be *only* by writ of certiorari, and therefore, Dokmo's appeal must be dismissed because the trial court lacked subject matter jurisdiction.

Decisions have varied in their certainty as to whether school board decisions will be reviewed by writ of certiorari only. Two cases seem to indicate that appeal must be by writ. *See Grinolds I,* 346 N.W.2d at 128; *Collins,* 416 N.W.2d at 177.

In *Grinolds I,* the court held that although courts do not have complete jurisdiction over the administrative and executive decisions of school boards, they have a limited jurisdiction through certiorari. 346 N.W.2d at 128 (*quoting State ex rel. Ging v. Board of Education,* 213 Minn. 550, 570–71, 7 N.W.2d 544, 556 (1942), *overruled on other grounds by Foesch v. Independent School District No. 646,* 300 Minn. 478, 223 N.W.2d 371 (1974)). In addition, this court has stated that "[c]ertiorari is the correct method of challenging school district actions." *Collins,* 416 N.W.2d at 177.

In other cases, although not always directly addressing the jurisdictional issue,

Minnesota courts have reviewed appeals by terminated teachers who were challenging school board decisions without a writ. *See, e.g., Walter v. Independent School District No. 457,* 323 N.W.2d 37 (Minn.1982); *Jerviss v. Independent School District No. 294,* 273 N.W.2d 638 (Minn.1978); *Whipple v. Independent School District No. 621,* 424 N.W.2d 559 (Minn.Ct.App.1988); *Renstrom v. Independent School District No. 261,* 390 N.W.2d 25 (Minn.Ct.App.1986); *Ruter v. Independent School District No. 347,* 364 N.W.2d 823 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. June 14, 1985).

It is not always clear how these cases can be distinguished from the cases which seem to say review is available only through a writ of certiorari. However, one relevant basis of distinction appears to be the nature and form of the school board decision being challenged. Specifically, we believe that actions challenging a school district decision involving reinstatement from an extended leave of absence (Minn. Stat. § 125.60) or reinstatement from an unrequested leave of absence (ULA) may appropriately be challenged in a declaratory judgment action in district court.

Unlike teachers being placed on ULA, teachers who are denied reinstatement from an extended leave are not entitled to a hearing. *See* Minn.Stat. § 125.12, subd. 4 (1988) (teachers being placed on ULA entitled to hearing). Thus, if the school district determines for whatever reason that a teacher is not entitled to reinstatement, the district, without providing a hearing, can refuse to reinstate the teacher.

Here, after learning of Dokmo's work as a teacher in LeSueur, the District's personnel department informed her that it would recommend the board accept her "voluntary" resignation. Dokmo never submitted her resignation, nor did she have an opportunity to present her case before the board. Furthermore, the absence of findings, a recorded vote or any written record of the purported action of the school board at the April 13 meeting, coupled with the District's contention that Dokmo "resigned," makes it difficult if not impossible even to identify a decision of the school board to begin the running of the 60–day period for Dokmo to file a writ of certiorari.

Writs of certiorari are designed to review the final determinations of "inferior tribunals." *Youngstown Mines Corporation v. Prout,* 266 Minn. 450, 482, 124 N.W.2d 328, 349 (1963). By its very nature, review by writ of certiorari is based solely on the record. *Amdahl v. County of Fillmore,* 258 N.W.2d 869, 874 (Minn.1977). In cases where teachers seek reinstatement from extended leave or from unrequested leave of absence, however, teachers have no right to a hearing or to establish a record before the school board.

On appeal, this court does not act in a fact-finding capacity. *Plant Machinery & Equipment, Inc., v. Butler,* 359 N.W.2d 656, 658 (Minn.Ct.App.1984). Thus, effective review by writ of certiorari becomes impractical, if not impossible, where teachers are denied reinstatement without a hearing. Commencement of a declaratory judgment in reinstatement cases allows for an opportunity to develop a record for review.

■ We emphasize that our decision should not be construed as holding that declaratory judgment actions are the proper vehicle for obtaining judicial review of a decision *placing* a teacher on unrequested leave of absence, nor should our decision be construed as providing a new path of review in other school board challenges. Rather, we hold that in the case where a school board, pursuant to Minn.Stat. § 125.60, subd. 6a, denies a teacher reinstatement from an extended leave of absence without a hearing, the teacher may seek review of the decision through a declaratory judgment action in the district court.

2. Reinstatement.

■ Minn.Stat. § 125.60, subd. 6a (1988) provides:

No school board shall be obligated to reinstate a teacher who takes a full-time or part-time position as a teacher in another Minnesota school district while on an extended leave of absence pursuant to this section. This subdivision shall not

apply to a teacher who is employed as a substitute teacher.

The District argues the trial court erred in finding that as a matter of law Dokmo was employed as a substitute teacher.

Although no statutory or case law definition of the term "substitute teacher" exists, Minn.Stat. § 123.35, subd. 5 (1988) provides some guidance in deciding whether a teacher is full time or a substitute. Section 123.35, subdivision 5 provides:

> Subd. 5. The board shall employ and contract with necessary qualified teachers and discharge the same for cause. The board shall not hire a substitute teacher except:
>
> (a) For a duration of time of less than one school year to replace a regular teacher who is absent; or
>
> (b) *For a duration of time equal to or greater than one school year to replace a regular teacher on a leave of absence.*
>
> If a substitute teacher is hired pursuant to clause (b), each full school year during which the teacher is employed by a district pursuant to that clause shall be deemed one year of the teacher's probationary period of employment pursuant to either section 125.12, subdivision 3, or 125.17, subdivision 2. The teacher shall be eligible for continuing contract status pursuant to section 125.12, subdivision 4, or tenure status pursuant to section 125.-17, subdivision 3, after completion of the applicable probationary period.

(Emphasis added). Under Minn.Stat. § 125.12, subd. 3 (1988), a teacher's initial probationary period is three consecutive years in a single school district. *See also* Minn.Stat. § 125.17, subd. 2 (1988). Thereafter, the teacher's probationary period in another district is one year. Minn.Stat. § 125.12, subd. 3.

Because she had been employed for at least three consecutive years in the Anoka–Hennepin District, Dokmo's probationary period in LeSueur was one year. She taught beyond her probationary period and under section 123.35 subdivision 5, became eligible for continuing contract rights. Thus, the District argues that when Dokmo became eligible for continuing contract rights in LeSueur and then signed the second contract, she was automatically converted to a teacher with continuing contract rights and full-time status. We disagree.

Dokmo and LeSueur originally agreed that she would teach for one year. In each of the subsequent three years, however, Gunderson unforeseeably chose to extend her leave of absence. The understanding that Dokmo was only a substitute teacher did not change, as is evidenced by the subsequent contracts. Each contract contained a waiver of continuing contract rights. Had the contracts not contained the waiver, Dokmo could have become a continuing contract teacher after her first year. As agreed to, however, her contracts with LeSueur specifically eliminated that possibility. The contracts cannot be argued to automatically confer full-time status.

Pursuant to section 125.60, subdivision 6a, teachers on voluntary extended leave of absence may accept a position as a substitute teacher and still be eligible for reinstatement.

## DECISION

The trial court was correct in finding that Dokmo worked as a substitute teacher during her extended leave of absence and is thus entitled to reinstatement.

Affirmed.

THOREEN, J., dissents.

THOREEN, Judge, dissenting.

I respectfully dissent. This is a teacher termination case.

As pointed out by the majority, there have been a number of instances where teachers have sought and obtained review by summons and complaint in the district court. In most of these cases, the question of writ versus declaratory judgment was not raised. Furthermore, before the creation of the court of appeals, there was no question as to forum. However, at the time of the termination in this case, the

**236**

teacher's exclusive avenue for review was by writ of certiorari to this court.

In *Strand v. Special School District No. 1*, 392 N.W.2d 881 (1986), a termination case, the supreme court, after acknowledging that previously the state of the law was generally unsettled, stated:

> Now, however, we take this opportunity to conclude that it was the intention of the legislature and this court in its rule-making capacity to vest certiorari jurisdiction for cases of this nature in the court of appeals.

*Id.* at 883.

Previously, in *Grinolds v. Independent School District No. 597*, 366 N.W.2d 667 (Minn.Ct.App.1985), *cert. denied* (Minn. Jan. 18, 1985), a termination case, this court stated:

> We see no need to analyze this point any further. Jurisdiction to hear appeals from school board actions lies with the court of appeals and *not* the district courts.

*Id.* at 668 (emphasis added); *see Collins v. Independent School District No. 745*, 416 N.W.2d 174 (Minn.Ct.App.1987).

In *Jenson v. Joint Independent School District No. 287*, 408 N.W.2d 203 (Minn.Ct. App.1987), this court did permit a civil action by a teacher in district court. The court acknowledged the *Grinolds'* rule, but made an exception, stating:

> The practicalities of the present circumstances show that review by certiorari was an inadequate remedy * * *.

*Id.* at 207. No such practicalities are present here.

The majority argues that an exception should be made in this case because the statutes do not specifically provide for a hearing when a teacher is terminated while on authorized leave and that, therefore, the teacher may proceed in district court to make a "record" for review. This is contrary to the supreme court's ruling in *Grinolds v. Independent School District No. 597*, 346 N.W.2d 123 (1984). There, the school district and the teacher (superintendent) stipulated to resolve a termination dispute in the district court. The supreme court held that the trial court could not make de novo findings of fact and that what had to be reviewed was the action of the school board. The "record" for judicial review must be the proceedings or actions of the board.

In this case, the material facts are not disputed and the "record" that would have come to this court pursuant to a writ would have been the same as that furnished the trial court and upon which he based his finding and order for partial summary judgment. Neither party claims the "record" was not adequate to support those findings.

It should be noted that the trial court did not expressly rule on the jurisdiction question and it was briefed for the first time on appeal to this court.